## SECOND DEPARTMENT, JANUARY, 1964

## (January 6, 1964)

A. A. TUBE TESTING Co., INC., Appellant, v. ROBERT F. SOHNE et al., Individually and Doing Business as GCS ELECTRONICS Co., Respondents.— In an action to recover damages for allegedly inducing five of plaintiff's customers to breach their respective contracts with plaintiff, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated May 28, 1963, which: (1) granted defendants' motion to dismiss as patently insufficient (Rules Civ. Prac., rule 106, subd. 4; now CPLR 3211, subd. [a], par. 7) each of the five causes of action pleaded in the complaint; and (2) granted plaintiff leave to serve an amended complaint within a specified time. Order affirmed, without costs. Plaintiff's time to serve an amended complaint is extended until 20 days after entry of the order hereon. In each of the five causes of action the allegation that the defendants "knew or should have known" of the particular contract in question, has the effect of alleging the cause of action in the alternative. A cause of action so pleaded cannot stand if, as here, one of the alternatives does not state a cause of action (*Pilinko* v. *Merlau*, 7 A D 2d 617; *Potter* v. *Gilbert*, 130 App. Div. 632, affd. 196 N. Y. 576). As an essential element of the cause of action sought to be pleaded the plaintiff must allege that the defendants had *actual* knowledge; an allegation that they "should have known" of the existence of the contract is insufficient. The allegation contained in paragraphs 10, 19, 34 and 41 of the complaint, i.e.: that the defendants "intentionally, knowingly and without reasonable justification and excuse, maliciously induced [a named customer of plaintiff] to breach its contract with Plaintiff, all to Plaintiff's damage", should also be set forth in the third cause of action; such an allegation is necessary. The complaint is otherwise sufficient. Beldock, P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.