■ A. EDWARD MORRISON et al., Respondents, v. FILMWAYS, INC., Appellant, et al., Defendants.— Order, entered February 14, 1966, permitting plaintiffs in a consolidated stockholders' action to replead after dismissal of the original complaint as against defendant-appellant Filmways, Inc., unanimously affirmed, with $75 costs and disbursements to plaintiffs-respondents. The lack of evidentiary support for plaintiffs' proposed amendment to the complaint submitted as part of their opposition to the motion to dismiss did not oust Special Term's discretionary power to permit a new pleading. The recent amendment to CPLR 3211 (subd. [e]), effective September 1, 1965, provides that submission of evidentiary support for a proposed amended pleading is not a mandatory requirement, but rather one that may be dispensed within the court's discretion (4 Weinstein-Korn-Miller, New York Civil Practice, par. 3211.40). Even before this statutory change, the power, in a proper case, to permit a party to apply to Special Term for leave to serve an amended pleading was exercised in order to avoid the most rigorous aspect of CPLR 3211 (subd. [e]) before the present amendment (*Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827 [May 11, 1965]). Moreover, in a later phase of the *Cushman* case, this court determined an appeal on an order antedating the effective date of the 1965 amendment to the statute, and held that even under the older statutory language the requirement should not be too stringent (25 A D 2d 133, 135). In this case, it was an appropriate exercise of discretion for Special Term to dispense with an evidentiary showing. The amendment proposed by plaintiffs is itself a factually detailed one. It was alleged in it that defendant-appellant Filmways provided codefendant Aubrey with an apartment at 116 Central Park South, paying the rent and decorating it at a cost of some $65,000, to induce Aubrey to cause codefendant C. B. S. to enter into certain specified transactions with Filmways. This same information set forth in an affidavit, perhaps even on information and belief, would probably have warranted the granting of leave to amend. The present appeal, on any view, appears unnecessary and wasteful; hence the imposition of maximum costs against appellant. Concur — Botein, P. J., Breitel, Rabin and Eager, JJ.