■ H20 Swimwear, Ltd., et al., Appellants-Respondents, v Lisa Lomas, Respondent-Appellant, and Gottex Industries, Inc., Respondent.—Order and judgment, Supreme Court, New York County (Harold Tompkins, J.), respectively entered on or about February 1, 1990 and February 6, 1990, which granted the motion of defendant Gottex Industries, Inc. to dismiss the complaint pursuant to CPLR 3211 (a) (2) and (7), with leave to replead the second and third causes of action, unanimously modified, on the law, to deny the motion to dismiss the fourth, fifth and sixth causes of action, and reinstate same, and to permit plaintiffs to replead the seventh cause of action, and otherwise affirmed, without costs; and order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about February 6, 1990, which granted the motion of defendant Lisa Lomas to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2), (7) and (10), to the extent of dismissing the fourth, sixth and eighth causes of action, unanimously modified, on the law, to deny the motion to dismiss the fourth, fifth and sixth causes of action and reinstate same, and otherwise affirmed, without costs.

This is an action by plaintiffs-appellants, H20 Swimwear, Ltd. and H20/Excelsior Enterprises (collectively H20), a joint

venture which markets swimwear, against defendant Lisa Lomas, a former employee and alleged director of H20, and her new employer, defendant Gottex Industries Inc., also a swimwear manufacturer. The gravamen of the complaint, which seeks injunctive relief and damages of at least $3 million, alleges that, upon leaving H20 in August 1989, Lomas pirated a line of its swimwear, removing bathing suits, patterns and fabric, and that Gottex knowingly or recklessly assisted in, and benefited from, her actionable conduct. The subject swimwear was portrayed as Gottex's in the 1989 Sports Illustrated 25th anniversary swimsuit issue, and H20 claims a substantial loss of business arising from the alleged theft.

The complaint asserts eight causes of action, the first and second of which, respectively, allege Lomas' breach of fiduciary duty, and Gottex's aiding and abetting therein. The remaining six causes of action are brought against both defendants, and assert the following claims: third cause of action—breach of trust by Lomas and substantial assistance by Gottex; fourth cause of action—tortious interference with prospective business advantage; fifth causes of action—unfair competition; sixth cause of action—unjust enrichment; seventh cause of action—conversion; eighth cause of action—deceptive acts and practices in violation of General Business Law § 349.

On appeal, H20 challenges an order and judgment which dismissed the complaint against Gottex (Gottex order), and a subsequent order dismissing the fourth, fifth, sixth and eighth causes of action against Lomas (Lomas order). Lomas cross-appeals from so much of the Lomas order as denied her motion to dismiss the first, third, and seventh causes of action. We modify the Gottex order and judgment to deny the motion to dismiss the fourth, fifth, and sixth causes of action, and reinstate same, and permit plaintiffs to replead the seventh cause of action, and otherwise affirm. The Lomas order is modified to deny the motion to dismiss the fourth, fifth and sixth causes of action, and otherwise affirmed.

In dismissing the fourth, fifth, sixth, seventh and eighth causes of action against Gottex, and the fourth, fifth, sixth and eighth causes of action against Lomas, the IAS Part held that these claims are preempted by the Federal Copyright Act, which divests State courts of subject matter jurisdiction over actions on claims accruing after January 1, 1978, brought to enforce legal or equitable rights equivalent to copyrights. (17 USC § 301 [a]; *Editorial Photocolor Archives v Granger Collection,* 61 NY2d 517.) The preemption provision does not, how-

ever, apply to "useful articles", which are defined as articles "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information". (17 USC § 101.) The act further provides that: "[T]he design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features than can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." (17 USC § 101.)

Since the aesthetic qualities of clothing, including swimwear, can rarely be separable from their utilitarian function, garments are generally not accorded copyright protection. (*Whimsicality, Inc. v Rubie's Costume Co.,* 891 F2d 452, 455; *see, Poe v Missing Persons,* 745 F2d 1238, 1242.) In *Meyers v Waverly Fabrics* (65 NY2d 75), upon which the IAS Part relied to hold that the swimsuits at issue fell within the subject matter of copyright, the preempted subject matter was a *design* which could be printed onto fabric or wallpaper, rather than a clothing style, as we have here. Indeed, the plaintiff in *Meyers* did not dispute that the fabric design was copyrightable, and the issue was whether the State law rights asserted by plaintiffs were equivalent to copyright. Similarly, in *Editorial Photocolor Archives v Granger Collection (supra),* the dispute concerned photographic transparencies, items clearly within the subject matter of copyright, which includes "pictorial * * * works". (17 USC § 102 [a] [5].)

For these reasons, it was error for the IAS Part to have granted defendants' motions to dismiss several causes of action on grounds of Copyright Act preemption and these claims are, accordingly, reinstated. The sole exception to reinstatement is the eighth cause of action, which requires dismissal on a separate ground.

The eighth cause of action alleges deceptive acts and practices on the part of both Gottex and Lomas, in violation of New York General Business Law § 349. However, this statute, which was designed as a consumer protection measure, does not provide a right of action by one business competitor against another. Although General Business Law § 349 (h) extends the right of action to "any person who has been injured by reason of any violation of this section", it has been held to apply solely to matters affecting the public interest and involving transactions of a recurring nature. *(Genesco Entertainment v Koch,* 593 F Supp 743, 752.) The absence of these elements in the case at bar mandates dismissal of the

eighth cause of action, and we accordingly affirm the IAS Part's ruling to that effect, on this separate ground.

The second and third causes of action against Gottex, which, respectively, assert that this defendant aided and abetted defendant Lomas in the breaches of fiduciary duty and trust alleged against her, are, as the IAS Part held, legally insufficient due to ambiguity in the allegations of Gottex's knowledge of Lomas' wrongdoing. *(See, A A Tube Testing Co. v Sohne,* 20 AD2d 639.) We agree with the IAS Part that H20 should be accorded an opportunity to replead those causes of action, and would further extend this relief with respect to the seventh cause of action, which suffers the same infirmity.

We further agree with the IAS Part's denial of defendant Lomas' motion to dismiss the first cause of action against her, since the allegation that she was a director of H20 must, for the purposes of the motion to dismiss, be accepted as true. *(Rovello v Orofino Realty Co.,* 40 NY2d 633.) The denial of Lomas' motion to dismiss the third and seventh causes of action is also affirmed, on the ground that these claims, like the previously discussed fourth, fifth and sixth causes of action, are not preempted by the Federal copyright laws.

Finally, defendant Lomas' claim that the complaint should have been dismissed for failure to join a necessary party, namely, Excelsior, Inc., a California corporation which, together with H20 Swimwear, Ltd., comprises the plaintiff joint venture, H20/Excelsior Enterprises, is no longer in issue, since the plaintiffs have agreed that the results of this litigation will be fully binding upon Excelsior, Inc. Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.