■ Robert J. Stanley, Respondent, v Morgan Guaranty

Trust Company of New York, Defendant, and Dean Witter Reynolds, Inc., Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered February 5, 1990, denying defendant Dean Witter's motion to dismiss plaintiff's amended complaint on the ground that the causes of action are barred by the three-year Statute of Limitations (CPLR 214 [3]), unanimously affirmed, with costs.

Plaintiff's home was burglarized in 1983 and over $160,000 of Washington Public Power Supply System bearer bonds were stolen. Approximately three weeks later and on the same day, some of the bonds stolen were purchased and resold by Dean Witter. In September 1987 and, sometime in 1988, Dean Witter reacquired $80,000 of the same bonds. In April 1989, plaintiff commenced the instant action, alleging causes of action against Dean Witter for conversion and replevin. Defendant moved to dismiss, alleging that it had acquired $155,000 of the bearer bonds in 1983 and that the three-year Statute of Limitations for "an action to recover a chattel or damages for the taking or detaining of a chattel" applied. (CPLR 214 [3].)

Special Term properly denied Dean Witter's motion to dismiss those causes of action on the ground that Dean Witter, which had the burden of proof, failed to demonstrate that its reacquisition of the bonds, in 1987 and 1988, did not constitute a second act of conversion subsequent to its original purchase of the stolen bonds in 1983. In the event of multiple conversions, the date of the latest conversion is applicable in determining a claim that the complaint is barred by the three-year Statute of Limitations. *(Mintzer v Windsor Lamp Mfg. Co.,* 175 Misc 551 [1940].)

The reliance of defendant Dean Witter on *Sporn v MCA Records* (58 NY2d 482 [1983]) as a basis for dismissal is misplaced. There the Court of Appeals ruled that the acquisition by the defendant of a master record was a single conversion, that each playing of the record did not constitute an actionable continuing trespass and that the action was barred by the three-year Statute of Limitations on conversion. Here, the allegation that defendant Dean Witter reacquired some of the bonds in 1987 and 1988, an alleged conversion different from that in 1983, distinguishes this case from *Sporn.* Concur —Milonas, J. P., Ross, Kassal, Smith and Rubin, JJ.