■ HEALTH-LOOM CORPORATION et al., Respondents, v SOHO PLAZA CORPORATION et al., Appellants, et al., Defendants. [618

NYS2d 287] —Order, Supreme Court, New York County (Carol Huff, J.) entered February 24, 1994, which, insofar as appealed from, denied the defendants-appellants' motion to dismiss the second, third, fifth, seventh, eighth, ninth, tenth and eleventh causes of action of plaintiffs' complaint, unanimously modified, on the law, and the motion is granted to the extent of dismissing the third cause of action with prejudice, and dismissing the seventh and eighth causes of action with leave to replead in accordance herewith, and otherwise affirmed, without costs.

In the third cause of action, plaintiffs have not pleaded factual allegations covering each of the elements of fraud *(see, Orbit Holding Corp. v Anthony Hotel Corp.,* 121 AD2d 311, 314), nor have they pleaded the necessary elements of *prima facie* tort, including special damages *(see, Freihofer v Hearst Corp.,* 65 NY2d 135, 143), and " 'disinterested malevolence' " stemming from a malice unmixed with any other motive *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). The pleading seems to be one of conspiracy to breach the option agreement, which cannot be sustained since one of the alleged conspirators was a party to that agreement *(see, Callahan v Gutowski,* 111 AD2d 464, 465), and one of the parties alleged to be a co-conspirator in the third cause of action is a party to the subject option agreement. Accordingly, the third cause of action should have been dismissed.

The plaintiffs have not pleaded that they made efforts "to secure the initiation of such action by the board or the reasons for not making such effort" (Business Corporation Law § 626 [c]), and in particular, did not render a detailed pleading that such a demand would have been futile *(see, Barr v Wackman,* 36 NY2d 371, 379). Plaintiffs offer only conclusory allegations that the two defendant directors control the remaining directors *(cf., e.g., Curreri v Verni,* 156 AD2d 420). They do not, for instance, present specific and detailed allegations that the defendant directors have coercive powers over the other directors *(see, e.g., Miller v Kastner,* 100 AD2d 728), or that the defendant directors constitute a majority *(see, e.g., Miller v Schreyer,* 200 AD2d 492). Accordingly, the seventh and eighth causes of action should have been dismissed with leave to replead, in a detailed proposed amended pleading *(see, Morrison v Filmways, Inc.,* 25 AD2d 837).

Dismissal was properly denied as to the other relevant claims since factual allegations discernable from the four

corners of the pleadings, taken together, manifest causes of action cognizable at law *(see, Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg,* 199 AD2d 45). Contrary factual allegations in the defendants-appellants' affidavits in support of their motion "are not to be examined for the purpose of determining whether there is evidentiary support for the pleading" *(Rovellow v Orofino Realty Co.,* 40 NY2d 633, 635) and do not warrant CPLR 3211 dismissal *(see, Four Seasons Hotels v Vinnik,* 127 AD2d 310, 318-319).

We have considered the defendants-appellants' remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.