■ WEISMAN, CELLER, SPETT & MODLIN, Appellant, v CHADBOURNE & PARKE, Respondent. [706 NYS2d 414] —Judgment,

Supreme Court, New York County (Emily Goodman, J.), entered October 29, 1999, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about October 19, 1999, which granted defendant's motion for summary judgment and denied plaintiff's motion for partial summary judgment as to liability on its claims against defendant for aiding and abetting conversion, unanimously affirmed, without costs. Appeal from order entered on or about October 19, 1999 unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Based upon the evidence obtained through discovery, the IAS Court properly held that plaintiff could not establish that defendant "knowingly aided in the conversion of the shares by their original owner" (*Weisman, Celler, Spett & Modlin v Chadbourne & Parke*, 253 AD2d 721). While the IAS Court has previously held that the primary tortfeasor, Mark Fein, is collaterally estopped from asserting affirmative defenses to plaintiff's conversion claim against him, defendant law firm's liability must still be established by sufficient proof that it aided and assisted Fein in misappropriating the cooperative shares with culpable knowledge that such funds did not belong to him (*see, Leve v Itoh & Co.*, 136 AD2d 477, 478, *lv denied* 71 NY2d 806), and generally, an attorney acting in good faith is not liable for the acts of his clients (*see, Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro*, 187 AD2d 384, 385).

Defendant did not knowingly aid and abet Fein in converting the cooperative shares by assisting in the preparation of an affidavit that falsely stated that Fein had misplaced the original stock certificate. The 1991 affidavit was not relied upon, nor was it even seen by the cooperative officer who approved the sale of the cooperative apartment. Defendant's representation of Fein in a partition action also is not a basis for holding defendant liable for aiding and abetting Fein's conversion. The position taken by defendant in representing Fein in the partition action, that the assignment of shares to plaintiff even if valid did not vest plaintiff with an interest in the subject apartment, was not rendered invalid by the fact that the IAS Court ruled in another action that the assignment of shares was valid, and defendant's bad faith cannot be inferred from its zealous advocacy. Finally, this Court has held that defendant cannot be held liable for disbursing the proceeds of the cooperative sale (*Weisman, Celler, Spett & Modlin v Chadbourne & Parke, supra*).

Plaintiff's Judiciary Law § 487 (1) claim was properly dismissed because plaintiff cannot establish a nexus between

defendant's alleged fraud and the IAS Court's decisions with respect to ownership of the cooperative shares. As distinguished from this Court's decision in *Schindler v Issler & Schrage* (262 AD2d 226, *lv dismissed* 94 NY2d 791, *rearg denied* 94 NY2d 859), plaintiff made the court aware of its interests prior to the distribution of the proceeds so that defendant's concealment of plaintiff's interest could not have been a cause of the court order distributing such property. Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.