ARIK TAL, Appellant, v SUPERIOR VENDING, LLC, et al., Defendants, and JAMES A. NOTARIS et al., Respondents. [799 NYS2d 532]—

In an action, inter alia, to recover damages for breach of fiduciary duty and fraud, the plaintiff appeals, as limited by his no-

tice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered October 15, 2003, as granted those branches of the separate motions of the defendants James A. Notaris and Notaris & Co., P.C., and the defendant AFN Associates, C.P.A.'s, P.C., which were to dismiss the third and fourth causes of action pursuant to CPLR 3211 (a) (7) insofar as asserted against them and, in effect, denied that branch of the plaintiff's cross motion pursuant to CPLR 3211 (e) which was for leave to replead.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action against Superior Vending, LLC (hereinafter Superior) and Peter Plotkin, alleging that both he and Plotkin had a 50% ownership interest in Superior. The plaintiff also sued the respondents James A. Notaris, Notaris & Co., P.C., and AFN Associates, C.P.A.'s, P.C., who served as attorney and accountant, respectively, for Plotkin and Superior. At issue here is whether the plaintiff's third and fourth causes of action alleging breach of fiduciary duty and fraud were properly dismissed against the respondents.

With regard to the third cause of action alleging breach of fiduciary duty, no fiduciary duty existed. The plaintiff was not a client of the law firm or the accounting firm (*see Talansky v Schulman*, 2 AD3d 355, 358 [2003]). As to the fourth cause of action sounding in fraud, the plaintiff failed to adequately plead each of the elements of that tort (*see Health-Loom Corp. v Soho Plaza Corp.*, 209 AD2d 197 [1994]).

The branch of the plaintiff's cross motion which was for leave to replead was properly denied, since no evidentiary facts were alleged which would justify granting leave to replead (*see* CPLR 3211 [e]; *Parlante v Cross County Fed. Sav. Bank*, 251 AD2d 476, 476-477 [1998]). Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.