■ NANCY PATRICIA ESPINOSA et al., Appellants, v THE DELGADO TRAVEL AGENCY, INC., Respondent. [865 NYS2d 594]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 16, 2007, which denied plaintiffs' motion for a preliminary injunction requiring defendant to circulate to its employees certain provisions of a pretrial settlement agreement, and granted defendant's cross motion to dismiss the action without prejudice to plaintiffs to renew in the event defendant failed to comply with the terms of the agreement, unanimously modified, on the law, the cross motion denied and the amended complaint reinstated, and otherwise affirmed, without costs.

The court correctly denied plaintiffs' motion for a preliminary injunction requiring defendant to include in its antidiscrimination policy paragraph 7 (c)-(e) of the settlement agreement, since a plain reading of paragraph 7 (a)-(e) establishes that only the document containing antidiscrimination policies and procedures as described in paragraph 7 (a) was to be circulated to defendant's employees.

In view of the inclusion of the amended complaint in the order's recitation of the papers considered on the motions, the motion to dismiss for failure to state a cause of action should have been denied. The amended complaint alleges that, at a meeting held shortly after the agreement was executed, defendant's president warned employees against bringing complaints of sexual harassment and told them he would prevail in any such action as he had prevailed in plaintiffs' federal action—which in fact was discontinued pursuant to the agreement. Since the agreement requires defendant to draft, disseminate and enforce a written policy prohibiting discrimination, including sexual harassment and discrimination based on gender or pregnancy, and to provide its representatives with appropriate training concerning the policy, the amended complaint adequately pleads a cause of action for breach of the agreement (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Morrison v Filmways, Inc.*, 25 AD2d 837 [1966]). Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ. [*See* 2007 NY Slip Op 32937(U).]