*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                517914
_____

TORRANCE CONSTRUCTION, INC.,
                    Appellant-
                    Respondent,

        v                                MEMORANDUM AND ORDER

LAWRENCE R. JAQUES et al.,
                    Respondents-
                    Appellants.
_____

Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Law Office of James M. Brooks, Lake Placid (Allison M.
McGahay of counsel), for appellant-respondent.

        Briggs Norfolk, LLP, Lake Placid (Michael J. Hutter of
Powers & Santola, LLP, Albany, of counsel), for respondents-
appellants.

_____

McCarthy, J.P.

        Cross appeals from an order of the Supreme Court (Muller,
J.), entered October 28, 2013 in Essex County, which, among other
things, partially granted defendant Elizabeth W. Jaques' motion
to dismiss the complaint.

        Defendant Lawrence R. Jaques (hereinafter Jaques) was
plaintiff's bookkeeper for approximately 10 years and, between
April 2006 and November 2012, allegedly stole at least $450,000
from plaintiff, primarily by charging personal purchases to
plaintiff's business accounts.  Plaintiff commenced this action
alleging that Jaques and his wife, defendant Elizabeth W. Jaques

(hereinafter defendant), jointly participated in this scheme, as many of the purchases were delivered to defendants' home and were used to make improvements to the home. The complaint set forth causes of action for (1) conversion, (2) award of title to defendants' home, (3) moneys had and received, (4) breach of fiduciary duty and constructive trust, and (5) an accounting. Plaintiff also filed a notice of pendency with respect to defendants' home. Jaques answered. Defendant moved to dismiss pursuant to CPLR 3211 (a) (1), (5) and (7) and to cancel the notice of pendency.

Supreme Court denied defendant's motion as to the first, third and fifth causes of action, but dismissed the second and fourth causes of action against both defendants and cancelled the notice of pendency. The court also held that defendant was equitably estopped from interposing any statute of limitations defense. Plaintiff appeals and defendants cross-appeal. We will address the causes of action in the order in which they were pleaded, then the statute of limitations defense and the cancellation of the notice of pendency.

Plaintiff properly stated a cause of action against defendant for aiding and abetting conversion. On a motion to dismiss for failure to state a cause of action, courts assume the facts alleged to be true, view them liberally and in the light most favorable to the plaintiff, and assess whether the allegations set forth all of the elements of any cognizable cause of action, even if the plaintiff has not properly labeled that cause of action (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "Conversion is an unauthorized exercise of dominion and control over" someone else's property that "interferes with and is in defiance of the superior possessory right of the owner or another person" (Miller v Marchuska, 31 AD3d 949, 950 [2006] [citations omitted]). A claim can exist for aiding and abetting conversion if the aider-abettor has actual knowledge that the person who directly converted the plaintiff's property did not own that property (see Weisman, Celler, Spett & Modlin v Chadbourne & Parke, 271 AD2d 329, 330 [2000], lv denied 95 NY2d 760 [2000]; Lenczycki v Shearson Lehman Hutton, 238 AD2d 248, 248 [1997], lv dismissed and denied 91 NY2d 918 [1998]; H2O Swimwear v Lomas, 164 AD2d 804, 805, 807 [1990]). Here, the complaint alleges that

defendant knew of and acquiesced in Jaques' unauthorized personal purchases from plaintiff's accounts, that the purchased items were delivered to and used to improve defendants' home, and that defendant accepted the benefits of these converted items. These allegations stated a cause of action against defendant for aiding and abetting conversion.

New York does not recognize a cause of action for "title, use and exclusive possession" of someone else's residence. To the extent that the complaint's second cause of action can be read to allege conversion or seek a constructive trust, it is duplicative of the first and fourth causes of action. Thus, Supreme Court properly dismissed the second cause of action as against defendant. On the other hand, in the absence of a CPLR 3211 (a) motion by Jaques, the court was without authority to search the record and dismiss any claims against him (see Mann v Rusk, 14 AD3d 909, 910 [2005]; compare CPLR 3212 [b] [permitting court to search the record on a summary judgment motion and grant relief to a nonmoving party]).

Plaintiff properly stated a cause of action against defendant for moneys had and received. The elements of such a cause of action are that the defendant received money belonging to the plaintiff and benefitted from that money, and that equity and good conscience will not permit the defendant to keep the money (see Matter of Moak, 92 AD3d 1040, 1044 [2012], lv denied 19 NY3d 812 [2012]; Matter of Witbeck, 245 AD2d 848, 850 [1997]). The complaint alleges that money stolen from plaintiff by Jaques was used to improve and maintain defendants' home, and that defendant consented to these actions. Accepting the allegations as true, and reasonably inferring that the use of this money provided a benefit to defendant, the third cause of action was sufficient.

Supreme Court erred in dismissing the fourth cause of action against both defendants. The parties refer to this cause of action as seeking a constructive trust. The complaint does not sufficiently allege that plaintiff is entitled to a constructive trust against defendant, as there are no allegations that she was in a confidential or fiduciary relationship with plaintiff, that she made a promise or that a transfer was made in

reliance on any such promise – in fact, the allegations are that the money was transferred without plaintiff's knowledge, rather than in reliance on a promise (compare Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d 1290, 1291 [2014]). The fourth cause of action, viewed liberally and incorporating the previous allegations, does contain allegations that fit within the cognizable legal theory of breach of fiduciary duty by Jaques as aided and abetted by defendant. Jaques was plaintiff's sole bookkeeper and had authorization to write checks on at least one business account, putting him in a confidential and fiduciary relationship of trust with plaintiff (see New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d 1148, 1152-1153 [2014]). The complaint alleges that Jaques breached his duty by stealing plaintiff's money and making unauthorized personal purchases with it. The complaint also alleges that defendant knowingly participated and acquiesced in Jaques' activities, and that she intended to deprive plaintiff of its money. The allegations were sufficient to plead aiding and abetting breach of a fiduciary duty, as they alleged Jaques' breach, knowing participation by defendant through the provision of substantial assistance to Jaques, and damage to plaintiff (see Roni LLC v Arfa, 15 NY3d 826, 827 [2010]; Kaufman v Cohen, 307 AD2d 113, 126 [2003]). Although plaintiff may not be able to obtain a constructive trust against defendant, the fourth cause of action can survive against her to recover money damages as a claim for aiding and abetting breach of fiduciary duty. As noted above, the court did not have the authority to dismiss any causes of action against Jaques on defendant's CPLR 3211 (a) motion, as Jaques did not move for any relief (see Mann v Rusk, 14 AD3d at 910).

Plaintiff was not entitled to an accounting against defendant. "[T]he existence of a fiduciary relationship between the parties is a prerequisite to the equitable relief of . . . an accounting" (Hydro Invs. v Trafalgar Power, 6 AD3d 882, 886 [2004]; see Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1286 [2009]; Berke v Hamby, 279 AD2d 491, 492 [2001]). Plaintiff has not alleged any such relationship between it and defendant. Although Jaques had a fiduciary relationship with plaintiff, that relationship is not imputed to defendant. Hence, the fifth cause of action should be dismissed against defendant.

Supreme Court erred in concluding that the doctrine of equitable estoppel tolled the statutes of limitations as raised by defendant.  Although the doctrine precludes a defendant from relying on a "statute of limitations defense when the plaintiff was prevented from commencing a timely action by reasonable reliance on the defendant's fraud, misrepresentation or other affirmative misconduct . . ., equitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of [the] plaintiff's underlying substantive cause[s] of action" (Kosowsky v Willard Mtn., Inc., 90 AD3d 1127, 1130-1131 [2011] [internal quotation marks and citations omitted]).  To support its estoppel argument here, plaintiff is relying on the same underlying conduct that forms the basis of the substantive causes of action — namely, defendant's acceptance of delivery at defendants' home of goods charged to plaintiff, which arguably would have concealed Jaques' theft from plaintiff.  Thus, equitable estoppel should not be applied to prevent defendant from asserting a statute of limitations defense.

Aside from the estoppel argument, plaintiff does not raise any argument that would prevent application of the statutes of limitations.  For conversion, a three-year statute of limitations applies and runs from the date that the conversion took place, not from discovery of the theft (see CPLR 214 [3]; Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44 [1995]; Berman v Goldsmith, 141 AD2d 487, 487 [1988]).  The statute of limitations runs separately from each separate act of conversion; a series of conversions against the same person or entity is not considered a single transaction for such purpose (see Stanley v Morgan Guar. Trust Co. of N.Y., 173 AD2d 390, 391 [1991]).  A six-year statute of limitations applies to a cause of action for moneys had and received (see Bias Limud Torah v County of Sullivan, 290 AD2d 856, 857 [2002], lv denied 98 NY2d 610 [2002]).  The statute of limitations for breach of fiduciary duty differs depending on whether the substantive remedy sought is purely monetary — giving rise to the three-year period applicable to injuries to property (see CPLR 214 [4]) — or is equitable in nature — giving rise to a six-year period pursuant to CPLR 213 (1) (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]).  We have already determined that the equitable

remedy of constructive trust is not available against defendant, and that plaintiff is limited to collecting money damages for the breach of fiduciary duty cause of action, making the three-year limitations period applicable here. As this action was commenced on December 21, 2012, the applicable statute of limitations bars recovery for any conversions or breaches of fiduciary duty alleged to have occurred more than three years prior to that date, and for moneys had and received more than six years prior to that date.

Finally, the notice of pendency should not have been cancelled. When Supreme Court dismissed the second and fourth causes of action against both defendants, it reasonably cancelled the notice of pendency because no remaining cause of action could result in a judgment that "would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). Now that we have reinstated those two causes of action against Jaques and the fourth cause of action against defendant, and the notice of pendency is applicable and proper as to those causes of action, we reinstate the notice of pendency.

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted defendant Elizabeth W. Jaques' motion by dismissing the fourth cause of action against her, (2) denied said defendant's motion as to the fifth cause of action against her, (3) determined that said defendant was estopped from raising the statute of limitations defense, (4) sua sponte dismissed the second and fourth causes of action against defendant Lawrence R. Jaques, and (5) cancelled the notice of pendency; (1) motion denied as to the fourth cause of action, (2) motion granted as to the fifth cause of action against defendant Elizabeth W. Jaques, (3) bar as untimely any recovery against said defendant (a) on the first or fourth causes of action for conversion or breaches of fiduciary duty occurring more than three years prior to commencement of this action and (b) on the third cause of action for moneys had or received more than six years prior to commencement of this action, (4) second

and fourth causes of action reinstated against defendant Lawrence R. Jaques, and (5) notice of pendency reinstated; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court