ALLEN WEINSTEIN et al., Appellants, v COHNREZNICK, LLP, Formerly Known as J.H. COHN, LLP, Respondent. [43 NYS3d 387]—

In an action, inter alia, to recover damages for accounting malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Garguilo, J.), dated April 21, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the cause of action alleging aiding and abetting breach of fiduciary duty, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action against CohnReznick, LLP, formerly known as J.H. Cohn, LLP (hereinafter Cohn), to recover damages for accounting malpractice, fraud, aiding and abetting fraud, fraudulent concealment, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and aiding and abetting conversion. The plaintiffs alleged that Cohn, an accounting firm, assisted nonparties Lawrence Levine and David Levine (hereinafter together the Levines) in wrongfully acquiring the plaintiff Solas Plumbing Corp., a plumbing business. Cohn moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint on the ground that the complaint failed to state a cause of action. The Supreme Court granted Cohn's motion, and the plaintiffs appeal.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), a court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Nonnon v City of New York, 9 NY3d 825, 827 [2007]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]).

The Supreme Court properly granted that branch of Cohn's motion which was to dismiss the cause of action alleging accounting malpractice. Accepting the factual allegations in the complaint as true, and according the plaintiffs the benefit of every favorable inference, the complaint failed to adequately allege the existence of actual privity of contract between the plaintiffs and Cohn, or a relationship so close as to approach

that of privity, sufficient to impose a professional duty upon Cohn for the benefit of the plaintiffs (*see Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d 695, 702-703 [1992]; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]; *Signature Bank v Holtz Rubenstein Reminick, LLP*, 109 AD3d 465, 466-467 [2013]). Inasmuch as the complaint failed to adequately allege the existence of a duty owed by Cohn to the plaintiffs, it failed to state a cause of action alleging accounting malpractice.

The Supreme Court also properly granted those branches of Cohn's motion which were to dismiss the causes of action alleging fraud, fraudulent concealment, and aiding and abetting fraud, as those causes of action failed to satisfy the particularity requirements of CPLR 3016 (*see* CPLR 3016 [b]; *Moore v Liberty Power Corp., LLC*, 72 AD3d 660, 661 [2010]). With respect to the causes of action alleging fraud and fraudulent concealment, the plaintiffs failed to make specific factual allegations that would establish that Cohn knowingly misrepresented a material fact for the purpose of inducing the plaintiffs' reliance, actual justifiable reliance on the part of the plaintiffs, and damages (*see Theaprin Pharms., Inc. v Conway*, 137 AD3d 1254, 1255 [2016]; *Fulton v Hankin & Mazel, PLLC*, 132 AD3d 806, 807 [2015]; *Bannister v Agard*, 125 AD3d 797, 798 [2015]; *Schwatka v Super Millwork, Inc.*, 106 AD3d 897, 900 [2013]; *Brualdi v IBERIA, Lineas Aereas de España, S.A.*, 79 AD3d 959, 960-961 [2010]). Similarly, with respect to the cause of action alleging aiding and abetting fraud, the complaint failed to adequately allege the existence of an underlying fraud, knowledge of that fraud by Cohn, and substantial assistance by Cohn in perpetrating that fraud (*see Matter of Woodson*, 136 AD3d 691, 693 [2016]; *Nabatkhorian v Nabatkhorian*, 127 AD3d 1043, 1043-1044 [2015]; *Goel v Ramachandran*, 111 AD3d 783, 792-793 [2013]; *High Tides, LLC v DeMichele*, 88 AD3d 954, 960-961 [2011]).

The plaintiffs' cause of action alleging breach of fiduciary duty also failed to satisfy the particularity requirements of CPLR 3016 (*see* CPLR 3016 [b]; *Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d 804, 808 [2011]), as the plaintiffs failed to make specific factual allegations that would establish that Cohn had a fiduciary obligation running to the plaintiffs (*see Tal v Superior Vending, LLC*, 20 AD3d 520, 521 [2005]; *see also Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 561 [2009]; *Atkins Nutritionals v Ernst & Young*, 301 AD2d 547, 548 [2003]).

Nevertheless, the Supreme Court improperly granted that

branch of Cohn's motion which was to dismiss the cause of action alleging aiding and abetting breach of fiduciary duty. "A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that [the] plaintiff suffered damage as a result of the breach" (*Kaufman v Cohen*, 307 AD2d 113, 125 [2003]; *see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008]). Here, the complaint adequately alleged that the Levines breached their fiduciary obligations to the plaintiffs, that Cohn knowingly participated in that breach, and that the plaintiffs suffered damages as a result (*see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C.*, 131 AD3d 601, 604 [2015]; *Aranki v Goldman & Assoc., LLP*, 34 AD3d 510, 512 [2006]; *Operative Cake Corp. v Nassour*, 21 AD3d 1020, 1021 [2005]).

Finally, the Supreme Court properly granted that branch of Cohn's motion which was to dismiss the cause of action alleging aiding and abetting conversion. The complaint failed to adequately allege Cohn's actual knowledge of, and substantial assistance in, the alleged conversion of the plaintiffs' plumbing business (*see generally Torrance Constr., Inc. v Jaques*, 127 AD3d 1261, 1263 [2015]; *Weisman, Celler, Spett & Modlin v Chadbourne & Parke*, 271 AD2d 329, 330 [2000]; *Lenczycki v Shearson Lehman Hutton*, 238 AD2d 248 [1997]). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.