Starr Indem. & Liab. Co. v Global Warranty Group, LLC (2018 NY Slip Op 07346)





Starr Indem. & Liab. Co. v Global Warranty Group, LLC


2018 NY Slip Op 07346


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-11699
2015-11824
 (Index No. 66564/14)

[*1]Starr Indemnity & Liability Company, et al., respondents, 
v
Global Warranty Group, LLC, et al., defendants, Arthur Krantz, et al., appellants.


Mintz & Gold LLP, New York, NY (Steven C. Mintz and Terence W. McCormick of counsel), for appellant Arthur Krantz, and Joseph, Terracciano & Lynam LLP, Syosset, NY (Peter J. Terracciano and Janine T. Lynam of counsel), for appellant Andrew Schenker (one brief filed).
Kaye Scholer LLP, New York, NY (James M. Catterson and Thomas J. Szivos of counsel), and Starr Insurance Holdings, Inc., New York, NY (Ross M. Chinitz of counsel), for respondents (one brief filed).



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the defendant Arthur Krantz appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated October 22, 2015, and the defendant Andrew Schenker separately appeals from a second order of the same court, also dated October 22, 2015. The first order, insofar as appealed from, denied those branches of the motion of the defendant Arthur Krantz which were pursuant to CPLR 3211(a) to dismiss the first, fourth, eighth, tenth, sixteenth, seventeenth, eighteenth, and nineteenth causes of action insofar as asserted against him. The second order, insofar as appealed from, denied those branches of the motion of the defendant Andrew Schenker which were pursuant to CPLR 3211(a) to dismiss the first, eighth, and tenth causes of action insofar as asserted against him.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
The plaintiff Starr Indemnity & Liability Company and two related corporations (hereinafter collectively Starr) commenced this action against five related corporate defendants and four individual defendants who were officers of the corporate defendants. Starr alleged that it had a contract with the corporate defendants, and that the corporate defendants diverted funds belonging to Starr, which were held by the corporate defendants in a fiduciary capacity on Starr's behalf. Two of the individual defendants, Arthur Krantz and Andrew Schenker, separately moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them.
The Supreme Court, among other things, denied those branches of Krantz's motion which were to dismiss the causes of action alleging conversion, money had and received, aiding and abetting conversion, aiding and abetting breach of fiduciary duty, and violations of sections of the Debtor and Creditor Law relating to fraudulent conveyances insofar as asserted against him. In addition, the court, inter alia, denied those branches of Schenker's motion which were to dismiss the causes of action alleging conversion, aiding and abetting conversion, and aiding and abetting breach of fiduciary duty insofar as asserted against him. Krantz and Schenker separately appeal.
When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), "the standard is whether the pleading states a cause of action," and, in considering such a motion, "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d 1180, 1180-1181 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88; Jones v Rochdale Vil., Inc., 96 AD3d 1014, 1017).
A corporate officer, although acting for the benefit of a corporation, may be held liable for conversion, if he or she participated in the commission of the tort (see PDK Labs, Inc. v G.M.G. Trans W. Corp., 101 AD3d 970, 973). "A claim can exist for aiding and abetting conversion if the aider-abettor has actual knowledge that the person who directly converted the plaintiff's property did not own that property" (Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1263). Here, the complaint adequately stated causes of action alleging conversion and aiding and abetting conversion against Krantz and Schenker (see Aguirre v Paul, 54 AD3d 302, 304; Ingram v Machel & Jr. Auto Repair, 148 AD2d 324; Ackerman v Vertical Club Corp., 94 AD2d 665). Furthermore, contrary to Krantz's contention, the complaint also adequately stated a cause of action against him for money had and received (see Parsa v State of New York, 64 NY2d 143, 148; Litvinoff v Wright, 150 AD3d 714, 716).
The complaint's allegations that Krantz and Schenker participated in the corporate defendants' breach of the fiduciary duty owed to Starr sufficed to state a cause of action alleging aiding and abetting breach of fiduciary duty against Krantz and Schenker (see Weinstein v CohnReznick, LLP, 144 AD3d 1140, 1142; Kaufman v Cohen, 307 AD2d 113, 126). The complaint also sufficiently stated causes of action against Krantz alleging violations of sections of the Debtor and Creditor Law relating to fraudulent conveyances (see Marine Midland Bank v Zurich Ins. Co., 263 AD2d 382, 383; Southern Indus. v Jeremias, 66 AD2d 178, 183).
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court