The Ideal You Weight Loss Ctr., LLC v Zillioux (2019 NY Slip Op 05900)





The Ideal You Weight Loss Ctr., LLC v Zillioux


2019 NY Slip Op 05900


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


515 CA 18-01653

[*1]THE IDEAL YOU WEIGHT LOSS CENTER, LLC, PLAINTIFF,
v
SHERI ZILLIOUX, DOING BUSINESS AS IDEAL WEIGHT LOSS OF BUFFALO, DEFENDANT.
SHERI ZILLIOUX, DOING BUSINESS AS IDEAL WEIGHT LOSS OF BUFFALO, THIRD-PARTY PLAINTIFF-RESPONDENT,
v
THE IDEAL YOU WEIGHT LOSS CENTER, LLC, AND DONNA HERBERGER, THIRD-PARTY DEFENDANTS-APPELLANTS.






ROACH, LENNON & BROWN, PLLC, BUFFALO (J. MICHAEL LENNON OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-APPELLANTS. 
LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered August 15, 2018. The order denied the motion of third-party defendants to dismiss the third-party complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the first and fourth causes of action in the third-party complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiff-third-party defendant, The Ideal You Weight Loss Center, LLC (Ideal You), and third-party defendant Donna Herberger (collectively, defendants) operate a website accessed at idealyou.com. In 2016, defendant-third-party plaintiff, Sheri Zillioux, doing business as Ideal Weight Loss of Buffalo (plaintiff), established a competing business that operates a website accessed at idealbuff.com. Both Ideal You and plaintiff sell products from Ideal Protein of America, Inc., from which they derive the "Ideal" used in the names of the businesses.
As alleged in the third-party complaint, on the day plaintiff opened her business, defendants purchased two domain names, idealbuf.com and idealbuffalo.com, and redirected all web traffic from those addresses to idealyou.com. Plaintiff commenced this third-party action based on allegations that defendants' conduct was designed to deceptively misdirect business from plaintiff to defendants. Defendants responded with a pre-answer motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7). Supreme Court denied the motion, and defendants appeal.
We reject defendants' contention that plaintiff failed to state a cause of action for unfair competition under 15 USC § 1125 (a), also known as the Lanham Act. As relevant to the cause of action for unfair competition, the statute prohibits using "any word, term, name, symbol, or device . . . or any false designation of origin . . . which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association . . . as to the origin, sponsorship, or approval of . . . goods, services, or commercial activities by another person" (§ [*2]1125 [a] [1] [A]). We agree with plaintiff that, accepting the allegations in the third-party complaint as true, as we must on a motion to dismiss pursuant to CPLR 3211 (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), defendants' use of the idealbuf.com and idealbuffalo.com domain names could be misleading and thus constitute unfair competition under the statute (see OBH, Inc. v Spotlight Magazine, Inc., 86 F Supp 2d 176, 180, 196 [WD NY 2000]).
We also reject defendants' contention that plaintiff failed to state a cause of action for "cybersquatting" under 15 USC § 1125 (d). "To successfully assert a claim [for cybersquatting], a plaintiff must demonstrate that[:] (1) its marks were distinctive at the time the domain name was registered; (2) the infringing domain names complained of are identical to or confusingly similar to the plaintiff's mark; and (3) that the defendant has a bad faith intent to profit from that mark" (New York City Triathlon, LLC v NYC Triathlon Club, Inc., 704 F Supp 2d 305, 324 [SD NY 2010]; see § 1125 [d] [1] [A] [i], [ii] [I]). Accepting the allegations in the third-party complaint as true (see Leon, 84 NY2d at 87-88), we conclude that plaintiff has stated a cause of action for cybersquatting.
We agree with defendants, however, that plaintiff failed to state a cause of action for violation of General Business Law § 349 because "the gravamen of the complaint is not consumer injury or harm to the public interest but, rather, harm to plaintiff's business" caused by Ideal You's use of domain names (Emergency Enclosures, Inc. v National Fire Adj. Co., Inc., 68 AD3d 1658, 1661 [4th Dept 2009]; see H20 Swimwear v Lomas, 164 AD2d 804, 806 [1st Dept 1990]). We note that, although the third-party complaint explicitly lists General Business Law § 349 as the sole basis for the first cause of action, plaintiff contended in Supreme Court, and the court agreed, that the first cause of action also stated a claim for violation of General Business Law
§ 350. We conclude that, to the extent that plaintiff attempts to state a claim for violation of General Business Law § 350, she failed to do so inasmuch as "[t]he standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 324 n 1 [2002]). We therefore modify the order by dismissing the first cause of action in the third-party complaint.
We also agree with defendants that plaintiff failed to state a cause of action for false advertising under 15 USC § 1125 (a) (1) (B), which prohibits false or misleading representations in connection with commercial advertising or promotion. Plaintiff failed to allege that the domain names at issue are "advertising" or "promotion" as required for that cause of action (see generally Fashion Boutique of Short Hills, Inc. v Fendi USA, Inc., 314 F3d 48, 56 [2d Cir 2002]). Furthermore, plaintiff failed to sufficiently allege that the purported advertisement or promotion "involved an inherent or material quality of the product" (Time Warner Cable, Inc. v DIRECTV, Inc., 497 F3d 144, 153 n 3 [2d Cir 2007]; see National Basketball Association v Motorola, Inc., 105 F3d 841, 855 [2d Cir 1997]). We therefore further modify the order by dismissing the fourth cause of action in the third-party complaint.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court