■ GUIDO RAVENNA, Appellant, v CHRISTIE's INC. et al., Respondents. [734 NYS2d 21] —Judgment, Supreme Court, New

York County (Ira Gammerman, J.), entered April 3, 2001, dismissing the complaint, and bringing up for review an order, same court and Justice, dated March 22, 2001, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff brings an action for negligent misrepresentation, alleging that defendant James Bruce-Gardyne, a specialist in Old Master Paintings employed by defendant Christie's, gave him erroneous information regarding the origin of a work of art, causing plaintiff substantial financial damage. The court correctly dismissed the complaint since it was devoid of any allegations that suggest the existence of special relationship between the parties (see, Losquadro v Gerrard, 276 AD2d 599). The complaint describes a single meeting between plaintiff's wife and Bruce-Gardyne during which plaintiff's wife showed him photographs of the painting in question. There is no allegation that plaintiff's wife made an appointment to meet Bruce-Gardyne, no allegation that she retained Christie's or that she paid for the advice and no allegation of prior or subsequent dealings with Christie's. All that can be gleaned from the complaint is that Christie's gave plaintiff's wife gratuitous advice based on a walk-in inquiry. This one-time meeting, which did not even create a business relationship, cannot be said to have created a relationship of trust and confidence. Although it is undisputed that Bruce-Gardyne was aware that plaintiff would rely on his advice, that fact alone is insufficient to state a claim. Reliance and the existence of a special relationship between the parties are two distinct elements of a negligent misrepresentation claim (see, Hudson Riv. Club v Consolidated Edison Co., 275 AD2d 218, 220).

Plaintiff's claim that it was improper to dismiss the complaint without permitting him discovery is without merit. The mere hope that discovery might provide some factual support for a cause of action is insufficient to avoid dismissal of a patently defective cause of action (HT Capital Advisors v Optical Resources Group, 276 AD2d 420). In this case, whether or not plaintiff paid Christie's to perform an appraisal and the nature of the relationship between the parties are facts necessarily known to plaintiff. Concur—Rosenberger, J. P., Tom, Rubin, Buckley and Marlow, JJ.