■ CASTLE OIL CORPORATION, Appellant, v THOMPSON PENSION EMPLOYEE PLANS, INC., Respondent. [750 NYS2d 629] —In an action, inter alia, to recover damages for the negligent performance of actuarial services, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered September 18, 2001, as granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

In November 1997 the plaintiff retained the defendant actuarial company to study its supplementary pension plan and calculate the projected costs of increasing plan benefits. Shortly thereafter, on November 21, 1997, the defendant delivered a report to the plaintiff which summarized the anticipated costs of increasing pension benefits. The defendant was paid for its services on December 22, 1997. The plaintiff alleges that based upon the figures provided in the report dated November 21, 1997, it increased the benefit structure of its plan. However, according to the plaintiff, the cost of increasing pension benefits has proven "significantly greater" than projected by the defendant's report.

On March 26, 2001, over three years after the defendant delivered its report and received payment, the plaintiff commenced this action, inter alia, seeking to recover damages for the negligent performance of professional actuarial services. The defendant responded by moving to dismiss the complaint, arguing, among other things, that the plaintiff's negligent services claim was barred by a three-year statute of limitations. In opposition to the motion, the plaintiff contended that actuar-

ies are "professionals" within the meaning of CPLR 214 (6), which establishes a three-year statute of limitations for nonmedical malpractice actions, and that since they are professionals, the limitations period can be tolled by the doctrine of continuous representation. The plaintiff further maintained that the continuous representation toll applied to its negligent services claim because the defendant's "engagement * * * in connection with the Plan continued through at least October 1999." The Supreme Court granted the defendant's motion to dismiss the complaint, concluding that actuaries are not professionals for statute of limitations purposes. We now affirm.

CPLR 214 (6) applies a three-year statute of limitations period to all nonmedical malpractice actions asserted against professionals such as architects, engineers, lawyers, and accountants (see Chase Scientific Research v NIA Group, 96 NY2d 20, 25-29). A group is considered "professional" within the ambit of CPLR 214 (6) when it shares qualities which include "extensive formal learning and training, licensure and regulation indicating a qualification to practice, a code of conduct imposing standards beyond those accepted in the marketplace and a system of discipline for violation of those standards" (Chase Scientific Research v NIA Group, supra at 29). Guided by this definition, we reject the plaintiff's contention that its cause of action alleging negligent performance of actuarial services is governed by CPLR 214 (6). Unlike architects, engineers, lawyers, and accountants, who are required to be licensed to practice in their fields (see Education Law § 6500 et seq.), actuaries are not required to be licensed in New York. Moreover, actuaries are not regulated by the State, or subject to a State-created disciplinary system. In addition, although the record indicates that actuaries must usually pass a series of examinations administered by the Casualty Actuarial Society or the Society of Actuaries, there is no formal educational criteria for entry into this field. Furthermore, while individuals are alternatively permitted to become actuaries through work experience, the required duration of this experience is not specified. Considering these factors, we conclude that actuaries are not professionals within the meaning of CPLR 214 (6) (see Chase Scientific Research v NIA Group, supra; see also Matthews & Fields Lbr. Co. v New England Ins. Co., 113 F Supp 2d 574, 578-579).

Accordingly, the plaintiff may not rely upon the doctrine of continuous representation, which tolls malpractice claims against those professional groups which are within the scope of CPLR 214 (6) (see Chase Scientific Research v NIA Group, supra

at 31; *Eastman Kodak Co. v Prometheus Funding Corp.,* 283 AD2d 216; *see also Matthews & Fields Lbr. Co. v New England Ins. Co., supra*). Since the continuous representation toll is not available, and the plaintiff commenced this action more·than three years after the defendant committed its alleged acts of negligence, the plaintiff's cause of action alleging negligent performance of services is barred by the three-year statute of limitations which governs negligence claims (*see* CPLR 214 [4]; *Chase Scientific Research v NIA Group, supra*).

The plaintiff's remaining contentions are without merit. Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.