■ TIEMURAZ SIDAMONIDZE, Plaintiff, and ZAUR GLONTI, Appellant, v ROBERT B. KAY et al., Respondents, et al., Defendants.

[757 NYS2d 560] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 20, 2002, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the causes of action for fraud and negligent misrepresentation, unanimously affirmed, without costs.

In this action by a foreign investor seeking damages relating to his investment in a foreign business, the motion court correctly found that the alleged misrepresentations did not support a fraud claim because they consisted of mere puffery, opinions of value or future expectations (see Longo v Butler Equities II, 278 AD2d 97 [2000]; Sheth v New York Life Ins. Co., 273 AD2d 72, 74 [2000]), rather than false statements of value (compare P.T. Bank Cent. Asia v ABN AMRO Bank, 301 AD2d 373, 377 [2003]). Plaintiff-appellant's attempt to set forth a new theory in opposition to summary judgment was unavailing, since the remark relied upon was taken out of context and merely stated unremarkably that shares of a closely held entity, especially one incorporated in a foreign country, are "worthless," in the sense of lacking any realistic market, unless they become publicly traded.

The negligent misrepresentation cause of action was not viable in the absence of a confidential relationship imposing upon defendants a duty to speak (see Kimmell v Schaefer, 89 NY2d 257, 263-265 [1996]; Ravenna v Christie's Inc., 289 AD2d 15 [2001]). No such relationship arose from appellant's single meeting with the law firm defendants. We reject appellant's contention that these defendants are liable for conduct, statements or omissions by a codefendant as a result of their being coventurers, since appellant failed to raise an issue of fact as to the existence of an agreement, express or implied, to share losses, and, thus, as to the existence of a joint venture (see Chanler v Roberts, 200 AD2d 489 [1994], lv denied 84 NY2d 903 [1994]).

We have considered appellant's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.