■ Barbara A. Lazore et al., Respondents, v NYP Holdings, Inc., Doing Business as The New York Post, Appellant. [876 NYS2d 59]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered October 17, 2008, which, in an action for defamation by the lone three voting members of the Tribal Council of the St. Regis Mohawk Tribe, an Upstate New York tribe that numbers approximately 2,700 individuals, denied defendant New York Post's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in defendant's favor dismissing the complaint.

The offending editorials essentially asserted that the St. Regis Mohawk Tribe should not be permitted to run a proposed casino because it "amounts to a criminal enterprise," having regularly engaged in many criminal activities, including drug, alcohol, cigarette and alien smuggling, as well as shootouts with law enforcement both in the United States and Canada. The editorials frequently referred to "the tribe" and "the Mohawks" but did not mention the Tribal Council or plaintiffs individually. Plaintiffs allege that it can be reasonably inferred that the editorials were "of and concerning" the governing body of the St. Regis Mohawk Tribe, i.e., the Tribal Council, i.e., the three plaintiffs. We dismiss the complaint because, even accepting such inference, the offending statements were directed against a governing body and how it governed, rather than against its individual members; there were no statements that the Tribal Council members were individually corrupt or individually promoting a criminal enterprise (see New York Times Co. v Sullivan, 376 US 254, 292 [1964]; Rosenblatt v Baer, 383 US 75, 82-83 [1966]). In this respect, disclosure cannot avail plaintiffs (see Ravenna v Christie's Inc., 289 AD2d 15, 16 [2001]). Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and De-Grasse, JJ.