In an action, inter alia, to recover damages for professional negligence and negligent misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered December 29, 2010, which granted the separate motions of the defendants DeChants, Fuglein & Johnson, LLP and SGRisk, LLC, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them, *1002 and denied the plaintiffs’ application for leave to amend the complaint.
Ordered that the appeal from so much of the order as denied the plaintiffs’ application for leave to amend the complaint is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (see CPLR 5701 [a] [2]), and we decline to grant leave to appeal; and it is further,
Ordered that the order is reversed insofar as reviewed, on the law, and the separate motions of the defendants DeChants, Fuglein & Johnson, LLR and SGRisk, LLC, to dismiss the complaint insofar as asserted against each of them are denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiffs are companies engaged in the business of providing home health care services. The plaintiffs all joined the Health Care Provider Self-Insurance Trust (hereinafter the trust), a now-terminated New York State Workers’ Compensation “group self-insurance trust” established to provide group self-insurance for health care providers (see Workers’ Compensation Law § 50). The plaintiff Health Acquisition Corp. joined the trust in or around 1997, the plaintiff Bestcare, Inc., joined the trust in or around 1999, and the plaintiff Aides at Home, Inc., was a member of the trust from approximately 1994 through 1997, and rejoined the trust in or around 2000. Pursuant to the Workers’ Compensation Law, members of a group self-insurance trust are jointly and severally liable for all worker’s compensation claims of each group member (see Workers’ Compensation Law § 50 [3-a]).
The defendants Program Risk Management, Inc., PRM Claims Services, Inc., and John Conroy provided third-party administration services and claims services for the trust. The defendant DeChants, Fuglein & Johnson, LLP (hereinafter DFJ), a public accounting firm, provided certain services to the trust beginning in or prior to 1998. The defendant SGRisk, LLC (hereinafter SGRisk), an actuarial firm, provided services to the trust beginning in 1994.
The plaintiffs remained members of the trust until 2009, when the trust, which was insolvent, was terminated by the Workers’ Compensation Board. The Workers’ Compensation Board subsequently assessed the plaintiffs for certain trust deficiencies. The plaintiffs brought this action, inter alia, to recover damages for professional negligence and negligent misrepresentation, alleging, among other things, that the defendants hid from them the true financial condition of the trust and the plaintiffs’ liability risks as members of the trust.
*1003 The Supreme Court erred in granting the separate motions of DFJ and SGRisk pursuant to CPLR 3211 (a) to dismiss the causes of action to recover damages for professional negligence and negligent misrepresentation insofar as asserted against them. DFJ and SGRisk argued, inter alia, that these causes of action were conclusively refuted by documentary evidence (see CPLR 3211 [a] [1]), and failed to state a cause of action (see CPLR 3211 [a] [7]).
In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Accepting the facts in the complaint as true, the complaint states viable causes of action to recover damages for negligent misrepresentation and for professional negligence.
Accountants may be “held liable in certain circumstances for negligent misrepresentations made to parties with whom they have had no contractual relationship, but who have relied to their detriment on inaccurate financial statements prepared by the accountant” (Caprer v Nussbaum, 36 AD3d 176, 196 [2006], citing Credit Alliance Corp. v Arthur Andersen & Co., 65 NY2d 536, 551 [1985]). In order to establish such liability, the relationship between the accountant and the party must be found to approach privity, through a showing that the following prerequisites are satisfied: “(1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants’ understanding of that party or parties’ reliance” (id. at 551; see Caprer v Nussbaum, 36 AD3d at 196). Here, contrary to the contentions of DFJ, the complaint sufficiently alleges these elements. Similarly, the complaint also sufficiently alleges these elements against SGRisk. In particular, the complaint sufficiently alleges that DFJ and SGRisk knew or should have known that the members of the trust bore joint and several liability for all of the worker’s compensation claims asserted against trust members (see Workers’ Compensation Law § 50 [3-a]), and that the sole purpose of the trust was to self-insure the members with respect to worker’s compensation claims. Thus, the complaint sufficiently alleges that DFJ and SGRisk knew that their work was to be used primarily or entirely for a *1004 particular purpose, for the benefit of the trust members, a known group of entities, which would rely upon that work, as well as “linking conduct” evincing their understanding of those matters. Under these circumstances, the complaint adequately alleges the required elements of “near-privity” (see White v Guarente, 43 NY2d 356 [1977]; see also Caprer v Nussbaum, 36 AD3d at 194-195; Chaikovska v Ernst & Young, LLP, 21 AD3d 1324, 1325 [2005]; Allianz Underwriters Ins. Co. v Landmark Ins. Co., 13 AD3d 172, 175 [2004]) as well as the remaining elements of the negligent mispresentation causes of action against SGRisk and DFJ.
Further, the documentary evidence submitted by DFJ and SGRisk does not “conclusively establish[ ] a defense as a matter of law,” with respect to the negligent mispresentation and the professional negligence causes of action against them (Mendelovitz v Cohen, 37 AD3d 670, 670-671 [2007]; see CPLR 3211 [a] [1]).
Contrary to the contention of DFJ, the complaint sufficiently alleges the elements of the professional negligence cause of action against it, including a departure from the applicable standard of care, causation, and damages (see Hoffman v Colleluori, 85 AD3d 1119, 1120 [2011]; see also Ofman v Katz, 89 AD3d 909, 910 [2011]). In addition, DFJ failed to establish that some or all of the plaintiffs’ causes of action against it are time-barred (see CPLR 214 [6]; see also Symbol Tech., Inc. v Deloitte & Touche, LLP, 69 AD3d 191, 194-196 [2009]).
Further, the Supreme Court erred in granting that branch of the motion of SGRisk which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiffs’ cause of action to recover damages for professional negligence insofar as asserted against it for failure to state a cause of action. Because an actuary is not required to be licensed, is not regulated, and is not subject to a State-created disciplinary system, an actuary is not a “professional” for purposes of a malpractice cause of action (see Castle Oil Corp. v Thompson Pension Empl. Plans, 299 AD2d 513, 514 [2002]; see also Chase Scientific Research v NIA Group, 96 NY2d 20, 28-29 [2001]; Certain Underwriters at Lloyd’s, London v William M. Mercer, Inc., 7 Misc 3d 1008[A], 2005 NY Slip Op 50507[U], *9 [Sup Ct, NY County 2005]; cf. New York Dist. Council of Carpenters Pension Fund v Savasta, 2005 WL 22872, *3, 2004 US Dist LEXIS 26242, *11 [SD NY 2005]). Nevertheless, an actuary, possessing special knowledge, can be held liable for the negligent performance of its services (see Castle Oil Corp. v Thompson Pension Empl. Plans, 299 AD2d at 514; see also PJI 2:15). Thus, the complaint sufficiently alleges a cause of action *1005 against SGRisk on a theory of common-law negligence, and should not have been dismissed.
Moreover, contrary to the contention of SGRisk, the complaint sufficiently states causes of action that are not wholly derivative of claims that may be asserted by the trust itself (see Craven v Rigas, 85 AD3d 1524, 1527 [2011]).
The plaintiffs’ remaining contention is without merit.
Rivera, J.E, Hall, Lott and Austin, JJ., concur.