■ DANIEL LIVINGSTON, Respondent, v EN-CONSULTANTS, INC., Appellant. [981 NYS2d 556]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated June 26, 2012, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly hired the defendant to prepare an application for a permit to replace a bulkhead on the plaintiff's beachfront property in Montauk. The application the defendant prepared included a proposed design for the replacement bulkhead. After the plaintiff's permit application was approved by the New York State Department of Environmental Conservation, the plaintiff installed a replacement bulkhead that was allegedly "substantially in accordance with" the design provided by the defendant. When the replacement bulkhead failed within a year, the plaintiff commenced this action to recover damages for breach of contract. The defendant moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and the Supreme Court denied the motion.

On a motion pursuant to CPLR 3211 (a) (5) to dismiss a complaint as barred by the applicable statute of limitations, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (*see Landow v Snow Becker Krauss, P.C.*, 111 AD3d 795, 796 [2013]; *Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012]). An action to recover damages for breach of contract is governed by a six-year statute of limitations period (*see* CPLR 213 [2]), while an action alleging professional malpractice, with the exception of medical, dental, or podiatric malpractice, is governed by a three-year statute of limitations period regardless of whether the underlying theory is based in contract or tort (*see* CPLR 214 [6]; *Castle Oil Corp. v Thompson Pension Empl. Plans*, 299 AD2d 513, 514 [2002]). Since "malpractice is professional misfeasance toward one's client" (*Chase Scientific Research v NIA Group*, 96 NY2d 20, 24 [2001]), whether a person is a professional is determined by reference to qualities that "include extensive formal learning and training, licensure and regulation indicating a qualification to practice, a code of conduct imposing standards beyond those accepted in the marketplace and a system of discipline for violation of those standards," as well as a relationship "of trust and confidence, carrying with it a duty to counsel and advise clients" (*id.* at 29).

Here, the defendant failed to establish, prima facie, that it rendered professional services to the plaintiff, and, thus, that the three-year statute of limitations for professional malpractice should govern as opposed to the six-year statute of limitations for breach of contract (*see Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1048 [2010]; *Castle Oil Corp. v Thompson Pension Empl. Plans*, 299 AD2d at 514). The single, conclusory allegation in the complaint that the defendant relied upon as

establishing that it is a professional within the meaning of CPLR 214 (6) was insufficient to meet its prima facie burden (*see A.F. Rockland Plumbing Supply Corp. v Hudson Shore Associated Ltd. Partnership*, 96 AD3d 885, 886 [2012]; *Lockwood v Layton*, 79 AD3d 1342, 1344 [2010]; *Fekete v Camp Skwere*, 16 AD3d 544, 546 [2005]). The defendant did not submit any evidence addressing the relevant factors to be considered in determining whether it "is a 'professional' within [CPLR 214 (6)]" (96 NY2d at 24; *see Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1048 [2010]; *Castle Oil Corp. v Thompson Pension Empl. Plans*, 299 AD2d at 514).

The defendant's remaining contentions are not properly before this Court.

Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Skelos, J.P., Chambers, Hall and Miller, JJ., concur.