Arnell Constr. Corp. v New York City Sch. Constr. Auth. (2020 NY Slip Op 04446)





Arnell Constr. Corp. v New York City Sch. Constr. Auth.


2020 NY Slip Op 04446


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2019-02329
 (Index No. 700787/18)

[*1]Arnell Construction Corporation, respondent,
v
New York City School Construction Authority, appellant.


James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Daniel Matza-Brown of counsel), for appellant.
Forchelli Deegan & Terrana LLP, Uniondale, NY (David A. Loglisci of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 4, 2018. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
In 2013, the plaintiff was awarded a contract with the defendant to renovate an existing building and construct a three-story addition at a school site. In 2018, the plaintiff commenced this action, alleging that the defendant breached the contract. In the first cause of action, the plaintiff sought damages in the amount of $451,000 plus interest for extra work that it performed at the request of the defendant. In the second cause of action, the plaintiff sought damages in the amount of $809,394.23 plus interest and an extension of time of 131 calendar days for obtaining substantial completion based on delays outside the plaintiff's control. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the plaintiff's claims were time-barred. The Supreme Court denied the defendant's motion. The defendant appeals.
Pursuant to Public Authorities Law § 1744(2), which governs the plaintiff's claims here, "the action or proceeding shall have been commenced within one year after the happening of the event upon which the claim is based." "On a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint as barred by the applicable statute of limitations, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Livingston v En-Consultants, Inc., 115 AD3d 650, 651). Where the defendant makes that prima facie showing, the burden then shifts to the plaintiff to "aver evidentiary facts establishing that the case falls within an exception" (Savarese v Shatz, 273 AD2d 219, 220 [internal quotation marks omitted]; see Ditech Fin., LLC v Naidu, 175 AD3d 1387, 1388, lv granted 34 NY3d 910). "The plaintiff has the burden of establishing that the statute of limitations has not expired, that it is tolled, or that an exception to [*2]the statute of limitations applies" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 670 [internal quotation marks omitted]).
The first cause of action was based on alleged additional costs incurred as the result of the installation of 27 caissons. For this claim, "the happening of the event upon which the claim is based" (Public Authorities Law § 1744[2]) was the installation of the caissons. This event occurred, at the latest, when the plaintiff submitted its notice of claim with respect to this claim on August 5, 2014. Since the plaintiff did not commence this action until 2018, the defendant sustained its prima facie burden with respect to the first cause of action (see Public Authorities Law § 1744[2]).
In the second cause of action, the plaintiff alleged that the defendant did not inform the plaintiff which exits and means of egress it should block, causing a delay in its work. The plaintiff further alleged that this delay had the effect of causing certain work to happen in winter months, resulting in additional, uncontemplated costs. The plaintiff's notice of claim indicates that the weather that allegedly caused additional, uncontemplated costs occurred in January and February 2015. Thus, it is clear that the date of the "happening of the event upon which the claim is based" (Public Authorities Law § 1744[2]), which is the period of time that the defendant allegedly did not inform the plaintiff which exits and means of egress it should block, occurred prior to January 2015. Since the plaintiff did not commence this action until 2018, the defendant sustained its prima facie burden with respect to the second cause of action (see Public Authorities Law § 1744[2]).
In opposition, the plaintiff failed to sustain its burden of establishing that the statute of limitations had not expired, that it was tolled, or that an exception to the statute of limitations applied (see Ditech Fin., LLC v Naidu, 175 AD3d at 1388, lv granted 34 NY3d 910; Savarese v Shatz, 273 AD2d at 220).
Accordingly, since the defendant established that both causes of action were barred by the applicable statute of limitations, the Supreme Court should have granted the defendant's motion to dismiss the complaint (see CPLR 3211[a][5]).
In light of our determination, the defendant's remaining contention need not be reached.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court