| |
|---|
| **Meirowitz v Alperin** |
| 2026 NY Slip Op 30926(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 101394/2024 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                    PART                        47

                                            *Justice*

-------------------------------------------------------------------------------X

SPENCER MEIROWITZ,                                      INDEX NO.          101394/2024

                              Plaintiff,                MOTION DATE        01/29/2025,
                                                                           04/15/2025

                         - v -                          MOTION SEQ. NO.      002 003

JAMES ALPERIN, THE VOYAGE GROUP OF WELLS
FARGO,                                                  **DECISION + ORDER ON
                                                            MOTION**
                              Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 6, 42, 43, 44, 45, 46,
47, 48, 49, 50, 51, 52, 53, 56, 58, 60, 61

were read on this motion to/for                        DISMISS                           .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 14, 15, 16, 17, 18,
19, 20, 21, 22, 23, 26, 27, 28, 29, 30, 33, 34, 59

were read on this motion to/for                        MISCELLANEOUS                      .


In this action arising from alleged malpractice by a financial advisor, defendants James

Alperin and the Voyage Group of Wells Fargo move pursuant to CPLR §§ 3211(a)(l), (a)(3),

(a)(7), and (a)(8) to dismiss plaintiff's complaint (MS #2); and pursuant to CPLR §§ 1001, 1003,

and 3017(a) to join the Financial Industry Regulatory Authority (FINRA) for the purpose of

expunging the complaint (Occurrence #2375396) from defendant FINRA's Central Registration

Depository (CRD #2467392) (MS #3).

## BACKGROUND

Plaintiff alleges that "[o]n or around 2018, The Meirowitz household retained Defendants

to provide financial services" pursuant to which defendants agreed to "take steps to protect

[* 1]

Plaintiff's interest," "keep Plaintiff informed of the status of their investments," and "keep retirement funds in the same aggressive growth funds" (Complaint ¶¶ 7-8).

Plaintiff alleges that "on or around Summer of 2019, on Mr. Alperin's introduc[tion]," plaintiff's ex-wife, Lauren Alperin,[1] "hired John A. Pappalardo, esq," and "[m]onths later, [plaintiff] was being sued for divorce and [discovered] that all the retirement funds were strategically [] placed in cash" (*id.* ¶¶ 10-12).

Plaintiff alleges that "Defendants breached their dut[ies] by (1) failing to stay abreast of and update Plaintiff with developments (2) failing to timely inform of referrals given (3) failing to keep retirement accounts in the booming stock market instead of low yield interest only cash funds (4) failing to proffer any transparency to [plaintiff] in the actions against" him (*id.* ¶ 17). He alleges that "[b]ut for the acts and omissions of Defendants[,] Plaintiff would have [had] a seven-figure amount in [his] retirement account," "would not be subject to a five-year divorce and counting [which] has cost over an estimated $500,000 in legal fees alone" and "judgments would not have been filed against Plaintiff and an Order for over $125,000 in legal fees would not have been ordered in Supreme Court" (*id.* ¶¶ 18-20).

Plaintiff states causes of action for: (i) financial malpractice, (2) breach of fiduciary duty, (3) breach of contract, (4) lack of transparency, (5) not acting in the Meirowitz household's best interests, (6) conflict of interest, and (7) breach of confidentiality.

**DISCUSSION**

<u>Parties to the Action</u>

At the outset, defendants note that plaintiff purports to sue on behalf of himself, individually, and on behalf of "the Meirowitz household." However, "the Meirowitz household"

---

[1] While married to plaintiff, Lauren Alperin was known as Lauren Meirowitz, but she has since reverted to her maiden name. Defendant James Alperin is Lauren Alperin's brother.

**101394/2024   MEIROWITZ, SPENCER vs. ALPERIN, JAMES**
**Motion No.  002 003**

**Page 2 of 11**

2 of 11

is undefined and is not a party with legal capacity to sue. In any event, plaintiff does not claim to be an attorney and therefore cannot represent anyone other than himself. Therefore, Spencer Meirowitz will be deemed the "plaintiff" in this action.

Defendants also assert that "Defendant Voyage Group should be dismissed from this matter" because "it is a group of financial advisors at [Wells Fargo Advisors (WFA)] that includes Defendant Alperin, and is a name used primarily for WFA's marketing purposes" rather than a separate entity (NYSCEF Doc No 43, p. 7). However, plaintiff does not treat Voyage Group and WFA as separate entities such that one could be dismissed without the other. The more appropriate remedy would be to amend the caption to correctly reflect this defendant's name.

Plaintiff's Fourth Through Seventh Causes of Action (MS #2)

As defendants note, plaintiff's causes of action for lack of transparency (fourth), not acting in the Meirowitz's Household's best interest (fifth), conflict of interest (sixth), and breach of confidentiality (seventh) are not cognizable causes of action under New York law. Since plaintiff did not oppose or address these arguments in his opposition, the causes of action are deemed abandoned and accordingly will be dismissed (*Murphy v Schimenti Construction Co., LLC*, 204 AD3d 573, 574 [1st Dept 2022]).

Plaintiff's First Through Third Causes of Action (MS #2)

Plaintiff's remaining causes of action for financial malpractice (first), breach of fiduciary duty (second), and breach of contract (third) involve overlapping issues.

a. *Breach of Contract (Third Cause of Action)*

"[T]o plead a cause of action for breach of contract, a plaintiff usually must allege that: (1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant

101394/2024   MEIROWITZ, SPENCER vs. ALPERIN, JAMES                            Page 3 of 11
Motion No. 002 003

3 of 11

breached its contractual obligations; and (4) defendant's breach resulted in damages" (*34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022] [internal citations omitted]).

As to the first element, the existence of a contract, plaintiff alleges: "Plaintiff and Defendants entered into an agreement pursuant to which Defendant agreed to represent Plaintiff and perform specific and ongoing financial services for Plaintiff in exchange for agreed upon compensation" (Complaint ¶ 33). Defendant Alperin states "that no contract exists between Wells Fargo Advisors or any employee thereof and Plaintiff [] to render any financial services to him"; rather, defendant WFA "serves as custodian to an Individual Retirement Account (IRA) and a Roth IRA [which] are held solely by Ms. Alperin" (NYSCEF Doc No 44 ¶¶ 11-12). In opposition, plaintiff does not submit any evidence of a written agreement. Rather, he asserts that he "has been denied access to relevant [documents] essential to proving his claims," including "[a]ny agreements, explicit or implied, governing the financial services provided to Plaintiff" (Plaintiff's Opposition Brief [Opp. Br.]). In his supporting affirmation, plaintiff also asserts that he "maintained a 529 college savings plan [] which was part of the Meirowitz household financial portfolio," though this is not referenced in the complaint (NYSCEF Doc No 60 ¶ 1).

In essence, plaintiff opposes defendants' motion on the grounds "that facts essential to justify opposition may exist but cannot then be stated" (CPLR § 3211[d]). "However, the mere hope that discovery may reveal facts essential to justify opposition does not warrant denial of the motion" (*Karpovich v City of New York*, 162 AD3d 996, 998 [2nd Dept 2018]). "To obtain such relief, plaintiff was obliged to provide some evidentiary basis for [his] claim that further discovery would yield material evidence and also demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge" (*Rochester Linoleum & Carpet Ctr., Inc. v Cassin*, 61 AD3d 1201, 1202 [3rd Dept 2009]). Here, plaintiff fails to provide an

101394/2024   MEIROWITZ, SPENCER vs. ALPERIN, JAMES                    Page 4 of 11
Motion No.  002 003

4 of 11

evidentiary basis for his belief that discovery will reveal that the parties entered into a contractual agreement, whether express or implied. Nor does plaintiff explain why the documents sought would be in defendants' *exclusive* control; for example, plaintiff alleges that "[o]n multiple occasions, James Alperin executed trades based on text messages from Plaintiff," meaning plaintiff would also be in possession of such communications (NYSCEF Doc No 60 ¶¶ 1-2 [also providing no explanation as to why he does not have a single record demonstrating the existence of his alleged 529 college savings plan]). Notably, plaintiff does not detail: when and how he entered into the alleged agreement(s) with defendants; what accounts defendants were obligated to manage; or in what manner plaintiff paid defendants for their services.

Thus, plaintiff failed to adequately plead that he had a contractual relationship with defendants (*Matter of Atane Engrs., Architects & Land Surveyors, D.P.C. v Nassau County*, 227 AD3d 708, 710 [2nd Dept 2024] [plaintiff's pleadings "did not satisfy the element of a breach of contract cause of action that a contract exist"]). Accordingly, the part of defendants' motion seeking to dismiss his third cause of action for breach of contract will be granted.

b. *Financial Malpractice (First Cause of Action)*

As defendants note, "financial malpractice" is not a cognizable cause of action. Therefore, it will be construed as a cause of action for professional malpractice.

To state a claim for professional malpractice, a plaintiff must allege that: (i) defendants "rendered professional services to the plaintiff" (*Livingston v En-Consultants, Inc.*, 115 AD3d 650, 651 [2nd Dept 2014]); (ii) "defendants deviated or departed from accepted community standards of practice"; and (iii) "such departure was a proximate cause of the plaintiff's injuries" (*Archer v Haeri*, 91 AD3d 685, 685 [2nd Dept 2012]). Importantly, "the underlying relationship between the parties must be one of contract or a relationship so close as to approach that of

101394/2024   MEIROWITZ, SPENCER vs. ALPERIN, JAMES                    Page 5 of 11
Motion No.  002 003

5 of 11

privity" (*Michael Anthony Contr. Corp. v Queens N.Y. Realty, LLC*, 225 AD3d 848, 852 [2nd Dept 2024]).

As determined *supra*, "defendants demonstrated that there was no contractual relationship" between them and plaintiff (*id.*; NYSCEF Doc No 44 ¶ 11 ["no contract exists between Wells Fargo Advisors or any employee thereof and Plaintiff Spencer Meirowitz to render any financial services to him"]) and in opposition, plaintiff failed to rebut that fact or allege how a close professional relationship was formed by some other means. Moreover, plaintiff does not identify how defendants departed from accepted standards of practice and asserts that he requires the production of documents "to determine . . . *whether* [defendants] engaged in misconduct" (Opp. Br. [emphasis provided]). However, "[t]he mere hope that discovery might provide some factual support for a cause of action is insufficient to avoid dismissal of a patently defective cause of action" (*Ravenna v Christie's Inc.*, 289 AD2d 15, 16 [1st Dept 2001]). Finally, plaintiff asserts that "[b]ut for the acts and omissions of Defendants, Plaintiff would not be subject to a five-year divorce and counting [which] has cost over an estimated $500,000 in legal fees alone" (Complaint ¶ 19). Whether defendant Alperin introduced Lauren Alperin to her divorce attorney is irrelevant; plaintiff was required to allege that defendants engaged in malpractice and that *defendants' malpractice* caused the alleged harm, and he has not done so.

Accordingly, the part of defendants' motion seeking to dismiss plaintiff's first cause of action for financial (or professional) malpractice will be conditionally (as set forth below) granted.

101394/2024   MEIROWITZ, SPENCER vs. ALPERIN, JAMES
Motion No.  002 003

Page 6 of 11

c. *Breach of Fiduciary Duty (Second Cause of Action)*

"The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2nd Dept 2010]). "While a contractual relationship is not required for a fiduciary relationship, if the parties do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them" (*Oddo Asset Mgt. v Barclays Bank PLC*, 19 NY3d 584, 593 [2012] [internal quotation marks and citation omitted]).

Here, like with plaintiff's professional malpractice claim, plaintiff has not adequately alleged that a fiduciary relationship existed either by contract or through some other means. Notably, in plaintiff's complaint, he alleges that the "[t]he attorney-client relationship between Plaintiff and Defendants established a fiduciary relationship" (Complaint ¶ 25), however, defendants are not attorneys. In opposition to defendants' motion, plaintiff does not provide other support for a finding of a fiduciary relationship, instead asserting that "[c]ommunications between Defendants and third parties [] may establish fiduciary obligations" and that "[t]he nature of this relationship must be explored through discovery" (Opp. Br.). Once again, plaintiff fails to provide an "evidentiary basis for [his] claim that [] discovery would yield [such] material evidence" (*Rochester Linoleum*, 61 AD3d at 1202; *Karpovich*, 162 AD3d at 998 ["the mere hope that discovery may reveal facts essential to justify opposition does not warrant denial of the motion"]). Moreover, as defendants note, plaintiff's allegations regarding how defendants breached their duties to plaintiff are vague (Complaint ¶¶ 27-28 [alleging defendants failed to "stay abreast of and update Plaintiff with developments," "timely respond to inquiries," "inform

101394/2024   MEIROWITZ, SPENCER vs. ALPERIN, JAMES
Motion No.  002 003

Page 7 of 11

[* 7]

[plaintiff] of pending legal action against" him, and "keep retirement funds in the agreed upon funds"]) and "the failure to allege particularized facts is fatal to the cause of action for breach of fiduciary duty" (*Madison Sullivan Partners LLC v PMG Sullivan St., LLC*, 173 AD3d 437, 438 [1st Dept 2019]; CPLR § 3013 ["Statements in a pleading shall be sufficiently particular to give the court and parties notice of the [] transactions or occurrences[] intended to be proved and the material elements of each cause of action"]).

Accordingly, the part of defendants' motion seeking to dismiss plaintiff's second cause of action for breach of fiduciary duty will be conditionally (as set forth below) granted, and the complaint will be conditionally dismissed.

Motion to Join FINRA & Expunge Record (MS #3)

Defendant Alperin moves pursuant to CPLR §§ 1001, 1003, and 3017(a) to join FINRA for the limited purpose of expunging the complaint from defendant Alperin's FINRA Central Registration Depository (CRD) record.

As defendant Alperin notes, while "judicial expungement in the first instance may be less common, or more difficult, than proceeding with FINRA directly" (NYSCEF Doc No 33, p. 6), it is nevertheless permitted by FINRA Rule 2080, which provides: "Members or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement *or* confirming an arbitration award containing expungement relief" (FINRA Rule 2080[a] [emphasis provided]).[2] The rule sets forth the procedure to obtaining expungement relief: "Members or

---

[2] 15 U.S.C. § 78aa provides that "[t]he district courts of the United States . . . have exclusive jurisdiction of violations of" the Securities Exchange Act "or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created" thereby. However, here, Alperin "seeks expungement," and since "[t]here is no 'duty to expunge' under FINRA rules," he is not seeking to enforce any duty or liability of FINRA, and thus "there is no exclusive federal question jurisdiction over [his] cause of action for expungement" (*Doe v Fin. Indus. Regulatory Auth.*, 2013 U.S. Dist. LEXIS 164671 *6-7 [CD Cal 2013]; *Hume v Fin. Indus. Regul. Auth., Inc.*, 2026 U.S. Dist. LEXIS 22445 *6 [WD Wash, Feb. 3 2026] ["Most federal courts []

**101394/2024 MEIROWITZ, SPENCER vs. ALPERIN, JAMES** **Page 8 of 11**
**Motion No. 002 003**

8 of 11

associated persons petitioning a court for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents unless this requirement is waived" by FINRA (FINRA Rule 2080[a]). As set forth above Alperin has shown that "the claim, allegation or information [in the complaint] is factually impossible or clearly erroneous" or "false" grounds upon which FINRA may waive service and therefore appearance in this action (FINRA Rule 2080[b][A]&[C]).

Accordingly, that part of Alperin's motion seeking to join FINRA as an additional party will be granted and that part of his motion seeking to expunge Occurrence #2375396 from the CRD (#2467392) will be granted on condition that after service on FINRA, FINRA waives its appearance in this action or otherwise indicates it does not oppose expungement.

**CONCLUSION**

Based on the foregoing, it is

ORDERED that defendants' motion to dismiss the complaint (MS #2) is granted on the conditions set forth below and in the event that the conditions set forth below are met then the action shall be dismissed with costs and disbursements to defendants as taxed by the clerk; and it is further

ORDERED that defendants' motion to join FINRA (MS #3) for the purpose of expunging Occurrence #2375396 from the CRD (#2467392) is granted and FINRA is added as an additional defendant on condition that defendant Alperin effectuates service of this order and

---

that have squarely addressed this issue have found that FINRA has no duties with regards to pursuing or obtaining an order of expungement and that the exclusive jurisdiction provision of [15 U.S.C. § 78aa] is inapplicable"]; compare, *Sum-Slaughter v Fin. Indus. Regul. Auth., Inc.*, 320 A3d 313 [2024] [the state court lacked jurisdiction because "[t]he complaint plainly states that it is brought to enforce FINRA's compliance with its own Rules governing expungement" after an arbitrator denied plaintiff's expungement request]). Furthermore, Rule 2080(a) itself refers to a "court of competent jurisdiction," and not to a "federal court."

all documents associated with MS #3 upon FINRA within 15 days of entry of this order; and it is

further

ORDERED that the action shall bear the following caption:

SPENCER MEIROWITZ,

Plaintiff,

-against-

JAMES ALPERIN, THE VOYAGE GROUP OF WELLS FARGO, and FINANCIAL INDUSTRY REGULATORY AUTHORITY,

,

Defendants,

----------------------------------------------------------------------------X

And it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being added pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (ww.nycourts.gov/supctmanh)]; and it is further

ORDERED that Occurrence #2375396 shall be expunged from the CRD (#2467392) on condition that within 30 days after service of the aforementioned upon FINRA, FINRA does

101394/2024   MEIROWITZ, SPENCER vs. ALPERIN, JAMES
Motion No.  002 003

Page 10 of 11

[* 10]

not appear or otherwise oppose expungement of Occurrence #2375396 from the CRD (#2467392).

20260311164200PGOETZ72F8FF1C7FF742EF8A356F303CD170DA

**3/11/2026**
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☒ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**101394/2024   MEIROWITZ, SPENCER vs. ALPERIN, JAMES**
**Motion No.  002 003**

**Page 11 of 11**

11 of 11