■ CATHERINE J. EDWARDS, Respondent, v BOARD OF TRUSTEES OF COLGATE ROCHESTER DIVINITY SCHOOL/BEXLEY HALL/ CROZER THEOLOGICAL SEMINARY, Appellant, et al., Defendant. [677 NYS2d 868] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying the motion of the Board of Trustees of the Colgate Rochester Divinity School/Bexley Hall/Crozer Theological Seminary (defendant) to dismiss the complaint for failure to state a cause of action. The allegations of the complaint fail to comply with CPLR 3013 because they do not identify the defendant with

particularity. Further, the allegations do not state a cause of action for retaliation pursuant to Executive Law § 296 (7) because they do not allege that defendant falls within the ambit of Executive Law § 292 (1), nor do they allege the activity or activities in which defendant engaged that are allegedly prohibited under the Human Rights Law (Executive Law art 15). Although plaintiff alleges that defendant violated a general duty to accommodate her disability pursuant to Executive Law § 296 (3) (a), that section applies to employers, licensing agencies, employment agencies and labor organizations and does not apply here. In addition, even assuming, arguendo, that plaintiff had to demonstrate only a reasonable belief that defendant committed an unlawful discriminatory practice in order to make out a cause of action for retaliation (*see, Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights,* 164 AD2d 208, 210), we conclude that she nevertheless failed to state with the requisite specificity the unlawful discriminatory practice that she reasonably believes was committed by defendant. (Appeal from Order of Supreme Court, Monroe County, Polito, J.—Dismiss Pleading.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.