■ CAROLINE TORGE, Respondent, v NEW YORK SOCIETY FOR THE DEAF et al., Appellants. [706 NYS2d 622] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered July 23, 1998, which, insofar as appealed from, denied defendants' motion to dismiss the first two causes of action for failure to state a cause of action, unanimously reversed, on the law, without costs, the motion granted, and those causes of action dismissed.

Initially, plaintiff's failure to plead the specific discriminatory practices prohibited by Administrative Code of the City of New York § 8-107 (7) and Executive Law § 296 (7) as predicates for her claim of unlawful retaliation would be grounds for dismissal (Edwards v Board of Trustees of Colgate Rochester Divinity School, 254 AD2d 709). However, on the merits, those provisions establish a standard that plaintiff was discriminated against "because of" her actual or perceived disability, and that the plaintiff thereby was refused various benefits. Plaintiff does not allege that she, herself, is disabled. This standard is not satisfied by plaintiff's allegations that her employment was terminated in connection with her alleged advocacy on behalf

of the institutional defendant's disabled clients. Plaintiff establishes, at best, defendant's possible misconduct unaccompanied by any discriminatory intent as required by the statute. Rather, plaintiff's allegations suggest misconduct generally affecting disabled persons under defendant's care, with their disability being only the occasion, but not the cause, of the alleged mistreatment. In that regard, plaintiff has failed to make the requisite showing in support of her unlawful retaliation claim that she was engaged in a protected activity known to the alleged retaliator, that she suffered an adverse employment action while engaged in the protected activity, and that there was a causal connection between the protected activity and the adverse employment action (*Matter of Pace Univ. v New York City Commn. on Human Rights*, 200 AD2d 173, 182-183, *revd on other grounds* 85 NY2d 125; *see, Galdieri-Ambrosini v National Realty & Dev. Corp.*, 136 F3d 276, 292), requiring dismissal of the claims.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Tom, J. P., Rubin, Andrias, Buckley and Friedman, JJ.