■ STAR L. HERRMANN et al., Appellants, v COHNREZNICK LLP et al., Respondents. [63 NYS3d 380]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 12, 2016, which dismissed the complaint against defendant Emma Herrmann, and dismissed the complaint against the remaining defendants without prejudice, unanimously affirmed, without costs.

In July of 2005, the late Edward Herrmann, a well-known actor, and his wife Star Herrmann entered into an engagement letter agreement with Frederic Kantor and Company, P.C., a predecessor firm of defendant CohnReznick LLP, to provide them and their company Baloo Enterprises Ltd. with "bookkeeping and related business management services." Baloo is a corporation that was formed by Mr. Herrmann to lease his services as an actor to third parties, among other things.

Through this action, plaintiffs claim that defendants mismanaged their account over a nine-year period from 2005 through 2014 by, among other things, (1) failing to pay their expenses in a timely manner; (2) negligently and improperly preparing their tax returns such that they failed to take the proper deductions and owed substantial back taxes, interest and penalties; and (3) making poor investments that left them with no meaningful savings or money to pay for their daughter Emma's college tuition. The second amended complaint alleges causes of action for (1) professional malpractice (tax); (2) professional negligence (other services); (3) breach of fiduciary duty; (4) accounting; and (5) breach of contract for purportedly charging excessive fees.

The IAS Court's conclusion that the allegations of the second amended complaint failed for a lack of specificity is amply supported. Plaintiffs' allegations were not sufficient to apprise defendants of the "transactions, occurrences, or series of transactions [and] occurrences" at issue, particularly in light of the 73,000 pages of pre-complaint discovery that plaintiffs received

and their admission that they now have all of the relevant tax returns in their possession (CPLR 3013).

The second amended complaint and other documents submitted by plaintiffs failed to specify, among other things, the tax years and specific tax returns that were purportedly prepared improperly and the specific deductions that were not taken. Nor did plaintiffs identify the credit cards or accounts at issue, what the balances were, how many months the balances remained unpaid or the specific amounts of penalties and interest that plaintiffs incurred. The allegations in support of plaintiffs' breach of contract claim for excessive fees were also insufficient in that they did not set forth the fees that were charged and when, which fees were excessive and the proper amount that the fees should have been.

Plaintiffs' claims for breach of fiduciary duty and an accounting, which are subject to a heightened pleading standard set forth in CPLR 3016 (b), also fail (*Caprer v Nussbaum*, 36 AD3d 176, 194 [2d Dept 2006] ["As a general rule, accountants are not fiduciaries as to their clients, except where the accountants are directly involved in managing the client's investments" (citations omitted)]).

Compounding the pleading deficiencies, the vagueness of plaintiffs' allegations prevented the IAS Court from ruling on defendants' statute of limitation defense. It is noted that the IAS Court dismissed the bulk of the claims without prejudice (with the exception of the professional negligence claim asserted on behalf of Emma Herrmann), and that plaintiffs will be afforded the opportunity to replead their claims a third time. There is no reason to disturb the court's order.

The court also properly dismissed the professional malpractice claim asserted by Emma Herrmann—the only claim asserted on her behalf—and properly did so with prejudice. Emma was not defendants' client. Only Mr. and Mrs. Herrmann signed the engagement letter, which does not mention Emma by name or describe any services to be provided for her. The complaint itself contains minimal references to Emma, and does not set forth any "linking conduct" between defendants and Emma such that they owed her any duty, as would be necessary to sustain the claim (*LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 105 [1st Dept 2001]).

We have considered the parties' remaining contentions, and find them unavailing. Concur—Tom, J.P., Renwick, Mazzarelli, Oing and Singh, JJ.