Board of Mgrs. of the Alfred Condominium v Miller (2022 NY Slip Op 00808)





 Board of Mgrs. of the Alfred Condominium v Miller


2022 NY Slip Op 00808


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


Index No. 154867/19, 655232/18 Appeal No. 15264-15265 Case No. 2020-02775, 2020-02774 

[*1]The Board of Managers of the Alfred Condominium etc., Plaintiff-Respondent,
v
James Miller, Defendant-Appellant.
James Miller, Plaintiff-Appellant,
v
Michael Graff et al., Defendants-Respondents.


Philip A. Greenberg, P.C., New York (Philip A. Greenberg of counsel) and Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for appellant.
Braverman Greenspun P.C., New York (Maria Boboris of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about January 16, 2020, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the second, fourth, seventh, eighth, ninth, tenth, and eleventh claims for breach of fiduciary duty and the claim for promissory estoppel as against the individual defendants with prejudice, unanimously modified, on the law, to deny the motion as to the fourth and ninth claims as against Michael Graff and Andrew Hague and to make the dismissal of those claims as against the remaining individual Board members without prejudice, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about January 16, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff Board of Managers of the Alfred Condominium's motion to dismiss the first, second, and fifth counterclaims for breach of fiduciary duty and the third counterclaim for defamation with prejudice, unanimously modified, on the law, to deny the motion as to the first counterclaim, and otherwise affirmed, without costs.
These two related actions arise out of a series of disputes between the Board of Managers (the Board) of the Alfred Condominium and James Miller, the owner of shares corresponding to a unit therein. In the "Miller Action" (Index No. 655232/18), Miller asserts claims against 10 individual Board members for breach of fiduciary duty and promissory estoppel. In the "Board Action" (Index No. 154867/19) the Board asserts claims against Miller for breach of the Condo bylaws and private nuisance and seeks to dismiss Miller's counterclaims for breach of fiduciary duty and defamation.
The fact that the claims in the Miller Action were asserted against individual board members does not mandate their dismissal. "[A]lthough participation in a breach of contract will typically not give rise to individual director liability, the participation of an individual director in a corporation's tort is sufficient to give rise to individual liability" — even absent any "tort independent of the tort committed by the corporation itself" (Fletcher v Dakota, Inc., 99 AD3d 43, 47-49 [1st Dept 2012]). However, the claims against the eight individual board members who were not originally joined and were never served with a supplemental summons, as required by CPLR 305(a) (all except Graff and Hague), should be dismissed without prejudice (see Cuccia v Weiner & Assoc., 234 AD2d 26, 26 [1st Dept 1996]).
The claim for promissory estoppel in the Miller Action was correctly dismissed as barred by the existence of a written mediation agreement (see ID Beauty S.A.S. v Coty Inc. Headquarters, 164 AD3d 1186, 1186 [1st Dept 2018]), implicit in which is a promise of good faith and fair dealing (see Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]).
The second, seventh, eighth, tenth, and eleventh claims for breach of fiduciary duty in the Miller Action, which are derivative [*2]in nature (see Marx v Akers, 88 NY2d 189, 193 [1996]; Abrams v Donati, 66 NY2d 951, 953 [1985]), were correctly dismissed for the continued failure to allege demand futility with the requisite particularity (see Bansbach v Zinn, 1 NY3d 1, 8-9 [2003]; Wyatt v Inner City Broadcasting Corp., 118 AD3d 517, 517 [1st Dept 2014]). The eighth, tenth, and eleventh claims, and many of the allegations in the second claim were also correctly dismissed on the basis of the business judgment rule (see generally Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium, 65 AD3d 985, 989 [1st Dept 2009]).
The fourth and ninth claims for breach of fiduciary duty in the Miller Action were incorrectly dismissed. These claims are personal to Miller; it is alleged that the Board acted in bad faith, out of animus toward Miller, in revoking his gym membership and allowing petitions against but not for him to be posted, and thus engaged in conduct not protected by the business judgment rule (see Perlbinder, 65 AD3d at 989; GPS Global Parking Solutions, LLC v 151 W. 17th St. Condominium, 93 AD3d 463, 464 [1st Dept 2012]). Although the Board submitted evidence setting forth a countervailing, good faith explanation for its actions, this evidence did not conclusively refute Miller's allegations, as required to prevail at the motion to dismiss stage (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Johnson v Asberry, 190 AD3d 491, 492 [1st Dept 2021]).
The first counterclaim in the Board Action for breach of fiduciary duty in connection with the revocation of Miller's gym membership was incorrectly dismissed for the same reasons.
The second counterclaim in the Board Action for breach of fiduciary duty in connection with gym maintenance was correctly dismissed as insufficiently particular (see generally CPLR 3016[b]; Herrmann v CohnReznick LLP, 155 AD3d 419, 420 [1st Dept 2017]) and on the basis of the business judgment rule.
The fifth counterclaim in the Board Action for breach of fiduciary duty in connection with the investigation of a dog feces incident was correctly dismissed for failure to identify the source of the purported duty to cooperate in the investigation or share surveillance footage.
The defamation counterclaim in the Board Action was correctly dismissed because it did not set forth "the particular words complained of" (see CPLR 3016[a]; Offor v Mercy Med. Ctr., 171 AD3d 502, 503 [1st Dept 2019], lv denied 34 NY3d 909 [2020]; Murganti v Weber, 248 AD2d 208, 208-209 [1st Dept 1998]) or sufficiently allege special damages (see Nolan v State of New York, 158 AD3d 186, 191 [1st Dept 2018]; Franklin v Daily Holdings, Inc., 135 AD3d 87, 93 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022