Fawer v Shipkevich PLLC (2023 NY Slip Op 00485)

Fawer v Shipkevich PLLC

2023 NY Slip Op 00485

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Index No. 651056/22 Appeal No. 17244-17245 Case No. 2022-02352 2022-02373 

[*1]Mark S. Fawer et al., Plaintiffs-Appellants,
v
Shipkevich PLLC, Defendant-Respondent. 

Greenspoon Marder LLP, New York (Joshua M. Deal of counsel), for appellants.
Pierce McCoy, PLLC, New York (Samuel K. Walsh of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered April 21, 2022, which granted defendant Shipkevich PLLC's motion to dismiss the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered June 1, 2022, which denied plaintiffs' motion for leave to amend the complaint, unanimously affirmed, with costs.
In the engagement agreement retaining defendant law firm, the parties consented to the Fee Dispute Resolution Program, including the right to a de novo review of the award pursuant to 22 NYCRR 137.8. Although the allegations of a pro se plaintiff must be liberally construed in favor of the pro se plaintiff (see Pezhman v City of New York, 29 AD3d 164, 168 [1st Dept 2006]), the elements that must be pleaded for a breach of contract claim include the existence of a contract, the plaintiff's performance thereunder, the defendants breach thereof, and resulting damages (Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). Liberally construing plaintiffs' allegations, the complaint lacked the specificity needed to apprise defendant of the "occurrences at issue" (Herrmann v CohnReznick LLP, 155 AD3d 419, 419 [1st Dept 2017] [internal quotation marks omitted]; see CPLR 3013).
Supreme Court did not improvidently exercise its discretion in denying leave to amend the complaint, as the proposed amendment was "lacking in merit" (BGC Partners, Inc. v Refco Sec., LLC, 96 AD3d 601, 603 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023