Rotonde v Stewart Titles. Ins. Co. (2025 NY Slip Op 50930(U))

[*1]

Rotonde v Stewart Titles. Ins. Co.

2025 NY Slip Op 50930(U)

Decided on June 6, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2025
Supreme Court, Westchester County

Joseph Rotonde, individually and as a member of Mamaroneck Beach Realty Group, LLC, AND Mamaroneck Beach and Yacht Club and Spa, Inc., Plaintiffs,

against
Stewart Title Insurance Company, Carol Dall, Esq., Jonathan Feinsilver, Esq., Jeffrey H. Kaufman, Esq., Alan M. Mantell Esq., Defendants.

Index No. 76452/2024

Joseph Rotonde
Herrick, Feinstein LLP 
Attorneys for Jeffrey H. Kaufman
2 Park Avenue
New York, New York 10016

Linda S. Jamieson, J.

The following papers numbered 1 to 6 [FN1]
were read on this motion:
Paper Number
Notice of Motion, Affirmation and Exhibits 1
Memorandum of Law 2
Affirmation and Exhibits in Opposition 3
Memorandum of Law 4
Affirmation in Reply 5
Memorandum of Law in Reply 6
Defendant Kaufman brings his motion seeking to dismiss the complaint on the bases of failure to plead any claims against him with requisite particularity; failure to state a cause of [*2]action; documentary evidence; and statute of limitations. He also seeks sanctions and costs for frivolous litigation. This is not the first action involving plaintiff and certain property in Mamaroneck (the "Property"). The Court previously presided over, and settled, another action involving the Property. This is also not the first motion to dismiss this action. The Court has previously dismissed defendants Feinsilver and Dall.
In this case, the verified complaint contains five causes of action. All involve the events leading up to and culminating in the closing of a transaction regarding the Property that occurred in November 2018. Specifically, in the complaint, plaintiff asserts that he "was listed as a Member of Mamaroneck Beach Realty Group, LLC, as established by incorporation documents filed with the New York State Secretary of State on October 25th, 2018;" "Any documents executed by any third party on behalf of Mamaroneck Beach Realty Group, LLC on November 14th, 2018, were fraudulently allowed by Stewart Title and the above defendants;" "Defendant Stewart Title Insurance Company, which insured the transaction . . . failed to verify the ownership of the purchasing LLC, allowing an unauthorized individual to close the transaction, causing significant financial loss, economic harm, and emotional distress for years. . . .;" and "Ms. Dall and Mr. Jonathan Feinsilver, [sic] fraudulently transferred the ownership documents from KJA to AJK overnight through fraud between November 13 and November 14, 2018 with [sic][FN2]
the knowledge of the Plaintiff. . . . At no point prior to the closing or the day of the closing was Mr. Joseph Rotonde notified via email, phone, or text that this LLC switch was taking place by any of the defendants or his partners including the lake house [sic]."
The five causes of action are (1) for a "declaratory judgment holding Stewart Title Insurance Company and the defendants liable for negligence in failing to verify LLC ownership as a requirement of the purchase and sale contracts" at the November 2018 closing; (2) negligence because "Stewart Title and the defendants owed a duty of care to verify the authorized representative of the LLC as per the purchase and sale agreements" at the closing; (3) tortious interference with a contract because "Stewart Title and the defendants interfered with the transaction by failing to verify IRS documents and the NYS Certificate of Formation, allowing a third party to close on the transaction;" (4) aiding and abetting fraud, because "Stewart Title and the defendants knowingly failed to verify essential documents, participating and assisting in a fraudulent transaction;" and (5) breach of the implied covenant of good faith and fair dealing because "Under New York law, all contracts imply a covenant of good faith and fair dealing in the course of performance, which embraces a pledge that neither party shall do anything which will have the effect of destroying the right of the other party to receive the fruits of the contract."
The Court notes that Kaufman is only mentioned twice in the complaint: in the section describing the parties, where it says that he is a lawyer with the firm of Herrick, Feinstein, LLP, and in another paragraph where it says that Kaufman was the sellers' attorney. There is not one other mention of Kaufman in the complaint. This is the basis for Kaufman's motion to dismiss for failure to state a claim. Kaufman states that "Rotonde's declaratory judgment claim is actually an improperly-framed duplicate of the negligence claim that follows, and both utterly fail to allege any duty owed to Plaintiff by Kaufman, let alone any specific misconduct amounting to a breach of such duty. There was neither duty (Kaufman represented the seller, not [*3]Rotonde) nor any misconduct. The tortious interference with a contract claim also fails to allege any intentional misconduct on Kaufman's part, among other elements. The aiding and abetting fraud claim fails to plead the existence of an underlying fraud and (again) lacks any allegation that Kaufman committed any wrongdoing, which he did not. The claim for breach of the implied covenant of good faith and fair dealing lacks the lynchpin element of a contract between Kaufman and Rotonde (of which there is none), and is thus baseless."
It is well-settled that, as set forth in CPLR § 3013, allegations must be "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." See Eklund v. Pinkey, 27 AD3d 878, 879, 810 N.Y.S.2d 547, 548 (3d Dept. 2006) ("Plaintiffs were required to set forth more than vague and conclusory allegations of conversion and such charges had to be supported by factual assertions of specific wrongdoing."); Edwards v. Bd. of Trs. of Colgate Rochester Divinity Sch./Bexley Hall/Crozier Theological Seminary, 254 AD2d 709, 709, 677 N.Y.S.2d 868, 869 (4th Dept. 1998) ("The allegations of the complaint fail to comply with CPLR 3013 because they do not identify the defendant with particularity."). As the First Department explained in Herrmann v. CohnReznick LLP, 155 AD3d 419, 419, 63 N.Y.S.3d 380, 381 (1st Dept. 2017), a motion to dismiss is "amply supported" where a complaint lacks specificity such that the allegations "were not sufficient to apprise defendants of the 'transactions, occurrences, or series of transactions and occurrences' at issue. This alone is an adequate basis for dismissing Kaufman from the action.
In response, plaintiff alleges that "Defendant Kaufman knowingly facilitated the fraudulent closing. Defendant withheld critical and essential closing documents that were a requirement of his own purchase and sale agreements," and "Defendant concealed ownership records the day of the closing. The Defendant, motivated by financial gain and self-interest colluded with others to act solely in the best interest of Defendant and the Seller his client."
Yet not only is there no allegation in the complaint of such concealment or motivations by Kaufman, it is clear that Kaufman owed no obligation to plaintiff. See Herrmann v. CohnReznick LLP, 155 AD3d 419, 420, 63 N.Y.S.3d 380, 382 (1st Dept. 2017) (dismissing claim asserted against lawyer when plaintiff "was not defendants' client" and "the complaint itself contains minimal references to Emma, and does not set forth any 'linking conduct' between defendants and Emma such that they owed her any duty, as would be necessary to sustain the claim.").
Even if the Court were not to find that the complaint failed to state a claim against Kaufman, it would still have to dismiss Kaufman from the action because it has long been settled that "to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the Statute of Limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired." Savarese v. Shatz, 273 AD2d 219, 220, 708 N.Y.S.2d 642 (2d Dept. 2000). A review of the complaint shows that each and every claim arises out of the November 2018 closing for the Property or events preceding the closing. This action was filed in December 2024, more than six years after the closing. Some of the claims, as explained below, have three year statutes of limitations. As to those claims, Kaufman has satisfied his prima facie burden of establishing their untimeliness. Kaufman has also satisfied his burden as to the claims with six year statutes of limitation, since the events in question occurred more than six years ago.
"If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question [*4]of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period." Vega v. Hempstead Union Free Sch. Dist., 235 AD3d 696, 697, 226 N.Y.S.3d 341, 343 (2d Dept. 2025).
In his opposition, plaintiff asserts that his claims are timely, based on several different arguments. First, he asserts that his fraud claims are "timely within six years of the act or two years from discovery," and that he only "discovered the fraudulent acts during discovery in the related action Index No. 53123/2021) [sic]." Next, he argues that he was unable to pursue claims earlier due to serious medical hardship, including a recurrence of cancer in 2019-2020 and treatment until 2024. Plaintiff asserts that under "CPLR § 208 (Disability Tolling), the statute of limitations is tolled when a litigant suffers from a physical or mental disability that prevents them from timely pursuing legal remedies." In support of this assertion, he cites cases that do not apply or that simply do not exist.[FN3]
Finally, plaintiff argues that "the COVID-19 pandemic further extended procedural deadlines, as recognized in Executive Order No. 202.8, issued by Governor Cuomo on March 20, 2020, and subsequent orders extending statutory deadlines until November 3, 2020."
The Court begins with plaintiff's CPLR § 208 argument. Although plaintiff invokes it to cover a physical disability, the plain language of this section shows that it applies only to "disability because of infancy or insanity." It is thus irrelevant here, as plaintiff is not an infant, and does not claim insanity.
Nor does the fraud discovery rule assist plaintiff, for two reasons. First, despite the fact that he states that he learned about the alleged fraud during discovery in the related action, plaintiff does not state what he learned and when he learned it. This alone is fatal to plaintiff's argument that he learned anything. More importantly, however, in a Decision and Order that this Court issued in September 2022 in the prior action (more than two years prior to the commencement of this action) in which the Court granted plaintiff's motion to amend the complaint to include fraud claims, the Court stated that plaintiff argued that "the parties have substantially completed discovery of all issues existing prior to the proposed amendment." The Court allowed the amendment because according to plaintiff, it "relies upon the very same underlying facts and transactions that have been at issue from the outset of this action and have been developed in the discovery process in which all parties participated." Any information that plaintiff allegedly first learned from the prior action would have been prior to September 2022, which is more than two years prior to the commencement of this action. Accordingly, the [*5]discovery rule does not help him.
Turning to plaintiff's argument that the Executive Orders extended the statutes of limitations, the Court agrees that this is the case. See, e.g., Suber v. Churchill Owners Corp., 228 AD3d 414, 415, 214 N.Y.S.3d 1, 3 (1st Dept. 2024) ("Plaintiff is correct that the pandemic-related executive orders constituted a toll of the applicable statute of limitations."). However, this only make a difference with any claims that have six-year statutes of limitation; tolling cannot extend statutes of limitations that expired long before plaintiff commenced this action. Murphy v. Harris, 210 AD3d 410, 411, 177 N.Y.S.3d 559, 561 (1st Dept. 2022) (explaining that time remaining on claim continued to run again on November 20, 2020). That is to say, the negligence claim, see Castle Oil Corp. v. Thompson Pension Emp. Plans, Inc., 299 AD2d 513, 514, 750 N.Y.S.2d 629, 631 (2d Dept. 2002), and the tortious interference claim, see Ullmannglass v. Oneida, Ltd., 86 AD3d 827, 829, 927 N.Y.S.2d 702, 705 (3d Dept. 2011), are both time-barred on their face, as these claims expired in 2021 (taking the Executive Order extensions into account).
The remaining claims require more analysis. "On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. Allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration. Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." Barbetta v. NBCUniversal Media, LLC, 227 AD3d 763, 765—66, 212 N.Y.S.3d 135, 139 (2d Dept. 2024).
Beginning with the aiding and abetting fraud claim, which has a six-year statute of limitations and is timely, a review of the complaint reveals that it must be dismissed for substantive reasons. First, it is duplicative of the negligence claim. Amid v. Del Col, 223 AD3d 698, 700, 203 N.Y.S.3d 184, 187 (2d Dept. 2024) (claim alleging aiding and abetting fraud "arise[s] from the same facts as the cause of action alleging legal malpractice and are duplicative of that cause of action"); Hoffman v. RSM U.S. LLP, 169 AD3d 522, 523, 94 N.Y.S.3d 265, 267 (1st Dept. 2019) ("To the extent both the malpractice and aiding and abetting fraud claims allege that defendants ignored their professional duties, they are duplicative. To the extent both the malpractice and aiding and abetting fraud claims are based on defendants' conflicts of interest, they are duplicative. To the extent both claims are based on nondisclosure, they are duplicative."). For this reason, the aiding and abetting claim must be dismissed. 
Second, it should be dismissed because the underlying fraud has not been sufficiently pleaded — especially with respect to Kaufman, as to whom there are only two references in the entire complaint. Goldberg v. KOSL Bldg. Grp., LLC, 236 AD3d 995 (2d Dept. 2025) ("Since a cause of action alleging aiding and abetting fraud cannot lie without the underlying fraud having been sufficiently pleaded, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, alleging aiding and abetting fraud, insofar as asserted against them."). See also Weinstein v. CohnReznick, LLP, 144 AD3d 1140, 1141, 43 N.Y.S.3d 387, 389 (2d Dept. 2016) (Aiding and abetting fraud claim properly dismissed where it "failed to satisfy the particularity requirements of CPLR 3016"). 
Turning next to the declaratory judgment cause of action, it states that "Plaintiff seeks a declaratory judgment holding Stewart Title Insurance Company and the defendants liable for negligence in failing to verify LLC ownership as a requirement of the purchase and sale contracts." It seeks money damages of "no less than" $5 million. At the outset, the Court notes that it has long been settled that a "declaratory judgment action is generally appropriate only where a conventional form of remedy is not available. Where alternative conventional forms of remedy are available, resort to a formal action for declaratory relief is generally unnecessary and should not be encouraged. . . . It is unnecessary where an action at law for damages will suffice." Bartley v. Walentas, 78 AD2d 310, 312, 434 N.Y.S.2d 379, 381—82 (1st Dept. 1980). For this reason alone this cause of action should be dismissed.
But it is also clear that this declaration arises out of plaintiff's negligence claim. As such, the three-year statute of limitations for negligence applies. This is because "where a declaratory judgment . . . action involves claims that could have been made in another proceeding for which a specific limitation period is provided, the action is subject to the shorter limitations period." Morton v. New York City Bd. of Educ. Ret. Sys., 229 AD3d 619, 620, 215 N.Y.S.3d 447, 450 (2d Dept. 2024). Vigilant Ins. Co. of Am. v. Hous. Auth. of City of El Paso, Tex., 87 NY2d 36, 40—41 (1995) ("the CPLR prescribes no general period of limitation for a declaratory judgment action. Courts must look to the underlying claim and the 'nature of the relief sought' to determine the applicable period of limitation."). Further, this claim is also duplicative of the negligence claim. Florence Cap. Advisors, LLC v. Thompson Flanagan & Co., LLC, 214 AD3d 498, 500—01, 186 N.Y.S.3d 156, 159 (1st Dept. 2023) ("The declaratory judgment cause of action fails because the existing claims for negligence and breach of contract provided full and complete relief."). For this reason as well, it should be dismissed.
Turning to the cause of action for breach of the implied covenant of good faith and fair dealing, this claim states that "Under New York law, all contracts imply a covenant of good faith and fair dealing in the course of performance, which embraces a pledge that neither party shall do anything which will have the effect of destroying the right of the other party to receive the fruits of the contract." Plaintiff does not explain to what contract he refers. As he had no contractual (or fiduciary) relationship with Kaufman, there can be no claim against him. 
Plaintiff entirely ignores this cause of action in his opposition papers. He thus fails to rebut movant's prima facie showing. As a result, the Court must dismiss the cause of action for breach of the implied contract of good faith and fair dealing. 
The Court thus grants the motion to dismiss in its
entirety, and Kaufman is dismissed from the action. The Court declines to award sanctions at this juncture. Plaintiff is cautioned that he must not cite nonexistent cases, must not file sur-replies or otherwise fail to comply with this Court's Rules, the CPLR and this Court's previous rulings in this matter.
The foregoing constitutes the decision and order of the Court.
Dated: June 6, 2025
White Plains, New York
HON. LINDA S. JAMIESON, J.S.C.
Justice of the Supreme Court

Footnotes

Footnote 1:The Court does not allow sur-replies without prior permission, as set forth in the Part Rules. The Court thus rejects plaintiff's unauthorized submissions.

Footnote 2:The Court presumes that plaintiff meant to say "without" his knowledge.

Footnote 3:The Court tried, in vain, to find some of the cases that plaintiff cites. This appears to be because they do not exist. As the First Department held, "We caution plaintiff that his pro se status does not excuse his failure to check the legal citations that he offers to a court." Dowlah v. Pro. Staff Cong., 227 AD3d 609, 610, 213 N.Y.S.3d 13, 14 (1st Dept. 2024), lv. to app. den., 42 NY3d 911 (2025). Although this is sanctionable behavior, see Will of Samuel, 82 Misc 3d 616, 620, 206 N.Y.S.3d 888, 891 (Sur. Ct. 2024), the Court will not impose sanctions on plaintiff at this time. But plaintiff is cautioned that he must double-check all citations to ensure that they are valid. If he again cites nonexistent cases to the Court in any submission subsequent to May 2025, the Court will consider issuing sanctions.